UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

**14 CV 4638**

                     :

            Plaintiffs,

                     :

        v.                   14 Civ.

                     :

CITIGROUP, INC., CITICORP, and
CITIBANK, N.A.,

                     :

         Defendants.  :

- - - - - - - - - - - - - - - - - -x

## COMPLAINT AND JURY DEMAND

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively "IV"), for their complaint against Defendants Citigroup, Inc. ("Citigroup"), Citicorp ("Citicorp") and Citibank, N.A. ("Citibank"), allege as follows:

### THE PARTIES

1.    Intellectual Ventures I is a Delaware limited liability company having its principal place of business at 3150 139th Avenue SE, Bellevue, Washington 98005.

2.    Intellectual Ventures II is a Delaware limited liability company having its principal place of business at 3150 139th Avenue SE, Bellevue, Washington 98005.

3.    Upon information and belief, Citigroup is a corporation organized and existing under the laws of the State

of Delaware, with its principal place of business at 399 Park Avenue, New York, New York 10022.   Upon information and belief, Citigroup's registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011. Upon information and belief, Citigroup has its headquarters in this judicial district and transacts substantial business within this judicial district.

4.   Upon information and belief, Citicorp is a corporation organized under the laws of the State of Delaware with its principal office at 399 Park Avenue, New York, New York 10022. Upon information and belief, Citicorp's registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.   Citicorp is Citigroup's global bank for consumers and businesses and represents Citigroup's core franchises.   Citicorp is focused on providing best-in-class products and services to customers and leveraging Citigroup's global network.   Citicorp is physically present in about 100 countries and offers services in over 160 countries and jurisdictions. Upon information and belief, Citicorp has its headquarters in this judicial district and transacts substantial business within this judicial district.

5.   Upon information and belief, Citibank is a wholly-owned subsidiary of Citigroup and is a commercial bank whose principal offerings include consumer finance, mortgage lending,

2

retail banking products and services, investment banking, commercial banking, cash management, trade finance, e-commerce products and services and private banking products and services. Upon information and belief, Citibank's registered headquarters is at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

6. Citigroup, Citicorp and Citibank will be referred to collectively as "Defendants" or "Citi."

7. Citi offers banking services to individuals and businesses in the United States, including New York, and particularly within this district. Citi provides online banking services via electronic means including, but not limited to, the web site https://online.citibank.com. In connection with these online banking services and other systems and services, Citi infringes one or more claims of Intellectual Ventures I's rights in United States Patent No. 6,819,271 ("the '271 Patent") and United States Patent No. 7,984,081 ("the '081 Patent") and Intellectual Ventures II's rights in United States Patent No. 7,634,666 ("the '666 Patent"), United States Patent No. 6,546,002 ("the '002 Patent") and United States Patent No. 5,745,574 ("the '574 Patent") (collectively the "Patents-in-Suit").

JURISDICTION AND VENUE

8.   This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1138(a).

9.   This Court has general personal jurisdiction over Defendants under N.Y. CPLR § 301 because each has its headquarters and/or does substantial and continuous business in this judicial district.   This Court has long-arm jurisdiction over Defendants pursuant to N.Y. CPLR § 302 because each has committed acts within this state giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Citi would not offend traditional notions of fair play and substantial justice.

10.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants have conducted business in this district and/or provided services to its customers within this district, and have committed acts of patent infringement within this district giving rise to this action.

INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

11.   Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.   Since its founding, Intellectual Ventures has been deeply involved in the business

4

of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the plaintiffs in this case.

12. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies, which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

13. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices,

semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

14.   Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world.   For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.   Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

15.   On December 15, 2009, the '666 Patent, titled "Crypto-Engine For Cryptographic Processing Of Data," was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").   A copy of the '666 Patent is attached hereto as Exhibit A.

16.   On November 16, 2004, the '271 Patent, titled "Parallel Compression and Decompression System and Method Having Multiple Parallel Compression and Decompression Engines," was

duly and lawfully issued by the PTO.  A copy of the '271 Patent is attached hereto as Exhibit B.

17.  On July 19, 2011, the '081 Patent, titled "System and Method for Non-Programmers to Dynamically Manage Multiple Sets of XML Document Data" was duly and lawfully issued by the PTO. A copy of the '081 Patent is attached hereto as Exhibit C.

18.  On April 8, 2003, the '002 Patent, titled "System and Method for Implementing an Intelligent and Mobile Menu-Interface Agent," was duly and lawfully issued by the PTO.  A copy of the '002 Patent is attached hereto as Exhibit D.

19.  On April 28, 1998, the '574 Patent, titled "Security Infrastructure For Electronic Transactions," was duly and lawfully issued by the PTO.  A copy of the '574 Patent is attached hereto as Exhibit E.

20.  Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '271 and '081 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

21.  Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '666, '002 and '574 Patents and holds the right to sue and recover damages for infringement thereof, including past damages.

Count I

INFRINGEMENT OF U.S. PATENT NO. 7,634,666

22.  Paragraphs 1-21 are reincorporated by reference as if fully set forth herein.

23.  Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '666 Patent by using systems or services that use IBM's System Z mainframe computers, including IBM zEnterprise System.

24.  Intellectual Ventures II has provided written notice via a letter dated June 24, 2014, from counsel for IV to Defendants of their infringement of at least claim 4, and Defendants also have written notice of their infringement by virtue of the filing and service of this Complaint.

25.  Intellectual Ventures II has suffered damages as a result of Citi's infringement of the '666 Patent in an amount to be proven at trial.

Count II

INFRINGEMENT OF U.S. PATENT NO. 6,819,271

26.  Paragraphs 1-21 are reincorporated by reference as if fully set forth herein.

27.  Intellectual Ventures I is informed and believes, and thereon alleges, that Defendants have directly infringed and

continue to directly infringe, literally and/or under the doctrine of equivalents, at least claims 1 and 107 of the '271 Patent by making, using, providing, offering to sell and/or selling parallel data decompression and/or compression features and technology, including within IBM Netezza systems.

28. Intellectual Ventures I has provided written notice via a letter dated June 24, 2014, from counsel for IV to Defendants of their infringement of at least claims 1 and 107, and Defendants also have written notice of their infringement by virtue of the filing and service of this Complaint.

29. Intellectual Ventures I has suffered damages as a result of Citi's infringement of the '271 Patent in an amount to be proven at trial.

Count III

INFRINGEMENT OF U.S. PATENT NO. 7,984,081

30. Paragraphs 1-21 are reincorporated by reference as if fully set forth herein.

31. Intellectual Ventures I is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 21 of the '081 Patent by making, using, providing, offering to sell and/or selling database applications capable of processing XML data, including systems running IBM DB2 software.

32.   Intellectual Ventures I has provided written notice via a letter dated June 24, 2014 from counsel for IV to Defendants of their infringement of at least claim 21, and Defendants also have written notice of their infringement by virtue of the filing and service of this Complaint.

33.   Intellectual Ventures I has suffered damages as a result of Citi's infringement of the '081 Patent in an amount to be proven at trial.

Count IV

INFRINGEMENT OF U.S. PATENT NO. 6,546,002

34.   Paragraphs 1-21 are reincorporated by reference as if fully set forth herein.

35.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 34 of the '002 Patent by making, using, providing, offering to sell and/or selling their Citi Mobile® Apps and CitiDirect BE Mobile Apps ("'002 Accused Products or Services").

36.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants also have and continue to indirectly infringe at least claim 34 of the '002 Patent by inducing others to infringe or contributing to the infringement of others, including in this District and elsewhere in the

10

United States.

37.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants through at least the website at https://online.citibank.com actively induced their customers ("'002 Direct Infringers") to infringe at least claim 34 of the '002 Patent, including at least through the instructions provided through Defendants' website: https://online.citibank.com.

38.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants knew or were willfully blind to the fact that their conduct would induce the '002 Direct Infringers to use the '002 Accused Products or Services in a manner that directly infringes the '002 Patent.

39.   Intellectual Ventures II is informed and believes, and thereon alleges, that as a proximate result of Defendants' inducement, the '002 Direct Infringers directly infringed and continue to directly infringe at least claim 34 of the '002 Patent at least by using the '002 Accused Products or Services.

40.   Intellectual Ventures II is informed and believes, and thereon alleges, that at least since they knew of the '002 patent, Defendants specifically intended to induce the '002 Direct Infringers to use the '002 Accused Products or Services in a manner that directly infringes at least claim 34 of the '002 Patent because, among other things, they instruct users on

11

the use of the '002 Accused Products or Services including at least through the instructions provided through the website https://online.citibank.com and advertising a variety of online banking and bill pay services to their customers and potential customers.

41. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since Defendants knew of the '002 Patent, Defendants knew or were willfully blind to knowing that the '002 Direct Infringers were using the '002 Accused Products or Services in a way that directly infringes at least claim 34 of the '002 Patent as a result of their inducement of infringement, at least because Defendants are in control of their website and the functionality that facilitates use of the '002 Accused Products or Services and are able to know that their users and customers are using the technology in an infringing manner.

42. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have contributorily infringed and continue to contributorily infringe at least claim 34 of the '002 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.

43.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants provide a component of the patented machine and/or material or apparatus for practicing a patented process to the '002 Direct Infringers of at least claim 34 of the '002 Patent, by providing their website and the '002 Accused Products or Services. For example, Defendants do so as discussed on their website https://online.citibank.com in conjunction with the instructions to customers or potential customers regarding the '002 Accused Products or Services.

44.   Intellectual Ventures II is informed and believes, and thereon alleges, that '002 Direct Infringers have directly infringed and will directly infringe the '002 Patent in violation of 35 U.S.C. § 271(a).

45.   Intellectual Ventures II has provided written notice via a letter dated June 24, 2014, from counsel for IV to Defendants of their infringement of at least claim 34, and Defendants also have written notice of their infringement by virtue of the filing and service of this Complaint.

46.   Intellectual Ventures II is informed and believes, and thereon alleges, that the '002 Accused Products or Services constitute a material part of the '002 Patent at least because such products and services inherently provide a mobile interface that is adapted to move from one local device to another and includes pointers to user specific resources and information on

13

either the local device or the network server.

47. Intellectual Ventures II is informed and believes, and thereon alleges, that the '002 Accused Products or Services are not staple articles of commerce, and have no substantial non-infringing uses, at least because the accused aspects of the '002 Accused Products or Services are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

48. Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '002 Patent in an amount to be proven at trial.

Count V

INFRINGEMENT OF U.S. PATENT NO. 5,745,574

49. Paragraphs 1-21 are incorporated by reference as if fully set forth herein.

50. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '574 Patent by making, using, and providing systems and services that comply with the PCI Data Security Standard for encrypting data during communication sessions, including, but not limited to, its website ("'574 Accused Products or Services").

14

51.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have infringed, and continue to indirectly infringe, at least claim 18 of the '574 Patent by inducing others to infringe or contributing to the infringement of others, including in this District and elsewhere in the United States.

52.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants through at least the website at https://online.citibank.com actively induced their customers ("'574 Direct Infringers") to infringe at least claim 18 of the '574 Patent, including at least through instructions provided through Defendants' website https://online.citibank.com.

53.   Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants knew or were willfully blind to the fact that their conduct would induce the '574 Direct Infringers to use the '574 Accused Products or Services in a matter that directly infringes the '574 Patent.

54.   Intellectual Ventures II is informed and believes, and thereon alleges, that as a proximate result of Defendants' inducement, the '574 Direct Infringers directly infringed at least claim 18 of the '574 Patent by at least using the '574 Accused Products or Services.

55.   Intellectual II is informed and believes, and thereon alleges, that at least since they knew of the '574 Patent,

Defendants specifically intended to induce the '574 Direct Infringers to use the '574 Accused Products or Services in a manner that directly infringes at least claim 18 of the '574 Patent because, among other things, they instruct users on the use of the '574 Accused Products or Services including at least through the instructions provided through the website https://online.citibank.com and advertising a variety of online banking and bill pay services for their customers and potential customers.

56. Intellectual Ventures II is informed and believes, and thereon alleges, that at least since Defendants knew of the '574 Patent, Defendants knew or were willfully blind to the fact that the '574 Direct Infringers were using the '574 Accused Products or Services in a way that directly infringes at least claim 18 of the '574 Patent as a result of their inducement of infringement, at least because Defendants are in control of their website and the functionality that facilitates use of the '574 Accused Products or Services and are able to know that their users and customers are using the technology in an infringing manner.

57. Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants have contributorily infringed and continue to contributorily infringe at least claim 18 of the '574 Patent by providing, selling or offering to sell

16

within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.

58.  Intellectual Ventures II is informed and believes, and thereon alleges, that Defendants provide a component of the patented machine and/or material or apparatus for practicing a patented process to the '574 Direct Infringers of at least claim 18 of the '574 Patent by providing their website and the '574 Accused Products or Services, for example, as discussed on their website https://online.citibank.com in conjunction with the instructions to customers or potential customers regarding the '574 Accused Products or Services.

59.  Intellectual Ventures II is informed and believes, and thereon alleges, that the '574 Direct Infringers have directly infringed and will directly infringe the '574 Patent in violation of 35 U.S.C. § 271(a).

60.  Intellectual Ventures II has provided written notice via a letter dated June 24, 2014, from counsel for IV to Defendants of their infringement of at least claim 18, and Defendants also have written notice of their infringement by virtue of the filing and service of this Complaint.

61.  Intellectual Ventures II is informed and believes, and thereon alleges, that the '574 Accused Products or Services

constitute a material part of the '574 Patent at least because such products use a Public Key Infrastructure for providing secure communication sessions. This includes use of a Public Key Certificate issued by a Certification Authority for authentication of data and/or encryption/decryption of data sent over a communication channel. Intellectual Ventures II is informed and believes, and thereon alleges, that the '574 Accused Products or Services are not staple articles of commerce, and have no substantial non-infringing use, at least for the reason the accused aspects of the '574 Accused Products or Services are distinct and separate aspects of the overall program and are designed to only substantially perform in a manner that infringes.

62. Intellectual Ventures II has suffered damages as a result of Citi's infringement of the '574 Patent in an amount to be proven at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, IV respectfully pray that this Court:

A. Enter judgment in favor of Intellectual Ventures II that Citi has infringed the '666 Patent;

B. Enter judgment in favor of Intellectual Ventures I that Citi has infringed the '271 Patent;

C. Enter judgment in favor of Intellectual Ventures I that Citi has infringed the '081 Patent;

18

D.   Enter judgment in favor of Intellectual Ventures II that Citi has infringed the '002 Patent

E.   Enter judgment in favor of Intellectual Ventures II that Citi has infringed the '574 Patent;

F.   Enter judgment that Intellectual Ventures I and Intellectual Ventures II be awarded damages adequate to compensate them for Citi's past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I and Intellectual Ventures II for Citi's infringement, an accounting;

G.   Enter judgment that Intellectual Ventures I and Intellectual Ventures II be awarded attorneys' fees, costs and expenses incurred in prosecuting this action; and

H.   Order that Intellectual Ventures I and Intellectual Ventures II be granted such other, different, and additional relief as this Court deems equitable and proper under the circumstances.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs Intellectual Ventures I and Intellectual Ventures II demand a trial by jury as to all issues so triable in this civil action.

Dated:  New York, New York
        June 25, 2014.

DUNNEGAN & SCILEPPI LLC

By _William Dunnegan_
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Benjamin Liebowitz (BL1723)
   bl@dunnegan.com
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

              -and-

FEINBERG DAY ALBERTI & THOMPSON LLP
   Ian Feinberg
   ifeinberg@feinday.com
   Elizabeth Day
   eday@feinday.com
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
(650) 618-4360

(*pro hac vice* applications to be filed)

Attorneys for Plaintiffs