**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | 14 Civ. 4638 (AKH) |
| v. | ) ) | |
| CITIGROUP, INC., CITICORP, and CITIBANK, N.A., | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITIGROUP, INC.'S, CITICORP'S, AND CITIBANK, N.A.'S MOTION TO STAY THE PROCEEDINGS**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND .................................................................................................2

III.    ARGUMENT .......................................................................................................4

        A.      IV Does Not Have a Legitimate Interest in Immediate Resolution of this
                Action and Would Not Be Unduly Prejudiced by a Stay.........................5

        B.      The Interests of Citi and the Court Strongly Support a Stay, Particularly
                Given that this Case Has Not Yet Begun.................................................6

        C.      The Interests of the Public, as Well as Persons Not Parties to the Litigation,
                Are Also Served By a Stay. ...................................................................9

IV.     CONCLUSION..................................................................................................10

CERTIFICATE OF CONFERENCE

CERTIFICATE OF SERVICE

ADDITIONAL SUPPORTING DOCUMENTS

Declaration of Omar A. Khan in Support of Defendants Citigroup, Inc.'s, Citicorp's, and Citibank, N.A.'s Motion to Stay the Proceedings

Exhibit A: Transcript of an August 20, 2014 hearing before Judge Hellerstein in *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 1:13-cv-03777 (S.D.N.Y.)

Exhibit B: Transcript of an April 4, 2014 hearing before Judge Hellerstein in *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 1:13-cv-03777 (S.D.N.Y.)

Exhibit C: Transcript of a March 5, 2014 hearing before Judge Hellerstein in *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 1:13-cv-03777 (S.D.N.Y.)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aspex Eyewear, Inc. v. Safilo USA, Inc.*,
No. 1:04-cv-07473, Dkt. No. 23 (S.D.N.Y. Mar. 4, 2005)......................................................8

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
713 F.3d 1377 (Fed. Cir. 2013)...........................................................................................7

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
402 U.S. 313 (1971)............................................................................................................6

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
2014 WL 1369721 (D. Del. Apr. 7, 2014)...........................................................................5

*Consolidated Aluminum Corp. v. Hi-Tech Ceramics, Inc.*,
1988 WL 32213 (W.D.N.Y. Apr. 1, 1988).....................................................................6–7, 9

*HMT, Inc. v. Bell BCI Co.*,
2007 WL 295328 (W.D.N.Y. Jan. 30, 2007)....................................................................4, 5

*Intellectual Ventures I LLC v. Capital One Financial Corp.*,
No. 8:14-cv-00111 (D. Md.) ....................................................................................... *passim*

*Intellectual Ventures II LLC v. BBVA Compass Bancshares, Inc.*,
No. 2:13-cv-01106 (N.D. Ala.)............................................................................................2

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*,
No. 2:13-cv-04160 (W.D. Mo.) ...........................................................................................2

*Intellectual Ventures II LLC v. First National Bank of Omaha*,
No. 8:13-cv-00167 (D. Neb.)...............................................................................................2

*Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*,
No. 2:13-cv-00785 (S.D. Ohio) ...........................................................................................2

*Intellectual Ventures II LLC v. JP Morgan Chase & Co.*,
No. 1:13-cv-03777 (S.D.N.Y.)..................................................................................... *passim*

*Intellectual Ventures II LLC v. SunTrust Banks, Inc.*,
No. 1:13-cv-02454 (N.D. Ga.)..............................................................................................2

*Intellectual Ventures II LLC v. U.S. Bancorp.*,
No. 0:13-cv-02071 (D. Minn.)..............................................................................................2

*j2 Global, Inc. v. Integrated Global Concepts, Inc.*,
2013 WL 5688599 (N.D. Cal. Oct. 18, 2013).......................................................................6

*Kappel v. Comfort*,
914 F. Supp. 1056 (S.D.N.Y. 1996)................................................................4

*Landis v. North American Co.*,
299 U.S. 248 (1936)...........................................................................................4

*Market-Alerts Pty. v. Bloomberg Finance L.P.*,
922 F. Supp. 2d 486 (D. Del. 2013).............................................................7–8

*Readick v. Avis Budget Grp., Inc.*,
2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014)...........................................4, 8, 9

*Reese v. Verizon California, Inc.*,
498 F. App'x 980 (Fed. Cir. 2012) ..................................................................7

*Royal Park Investments SA/NV v. Bank of America Corp.*,
941 F. Supp. 2d 367 (S.D.N.Y. 2013).............................................................4

*TM Patents, L.P. v. International Busisness Machines Corp.*,
72 F. Supp. 2d 370 (S.D.N.Y. 1999)................................................................7

*Trikona Advisors Ltd. v. Kai-Lin Chuang*,
2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013)............................................4, 5, 9

*Uniroyal, Inc. v. Sperberg*,
63 F.R.D. 55 (S.D.N.Y. 1973) ........................................................................8

*Vertical Doors, Inc. v. Howitt*,
No. 8:06-cv-00984, Dkt. No. 129 (C.D. Cal. Dec. 18, 2007)...........................7, 8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....................................................................5, 6

*Yodlee, Inc. v. Ablaise Ltd.*,
2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ...................................................4

**STATUTES**

35 U.S.C. § 285...............................................................................................9

## I.    INTRODUCTION

Long after asserting the same patents and nearly identical infringement allegations against JP Morgan Chase, Capital One, and numerous other banks, plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") filed this belated suit against defendants Citigroup, Inc., Citicorp, and Citibank, N.A. (collectively, "Citi") on June 25, 2014.  IV has offered no explanation for staging this lawsuit so many months after its earlier-filed actions and more than a year after filing suit against JP Morgan Chase.  But because of IV's delay, this case is now significantly behind *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 1:13-cv-03777 (S.D.N.Y.) ("Chase Matter"), and *Intellectual Ventures I LLC v. Capital One Financial Corp.*, No. 8:14-cv-00111 (D. Md.) ("Capital One Matter"), in which IV's allegations regarding infringement, validity, and damages will be adjudicated.  The Chase Matter is scheduled for trial before this Court in October 2015.  The Capital One Matter is progressing steadily toward trial in the District of Maryland, with neither party as yet seeking a stay.  By contrast, no substantial litigation activity has occurred in this case to date.

IV's decision not to file this action earlier demonstrates that it lacks a genuine need for immediate relief.  Furthermore, IV's serial litigation strategy wastes significant judicial and party resources, without justification.  In the absence of a stay here, the Court and the parties will litigate discovery, claim construction, and other issues for patents that may either be invalidated or found not infringed in the Chase or Capital One Matters.  This litigation will be time consuming for the Court, very expensive for Citi, and may ultimately be meaningless—in whole or in part—because of the collateral estoppel effects of the earlier-filed actions.

Accordingly, in light of IV's considerable delay in bringing suit and the advanced stages of the Chase and Capital One Matters, the Court should stay this litigation at least until it completes its adjudication of the two overlapping patents at issue in the Chase Matter.  At that time, the Court

can evaluate the status of the Capital One Matter and other relevant circumstances and determine whether to lift the stay.[1]

## II.   BACKGROUND

The present suit is just one of many lawsuits filed by IV as part of its nationwide litigation campaign against the financial services industry.  IV filed the present suit on June 25, 2014, asserting five patents against Citi:  U.S. Patent Nos. 7,634,666 ("'666 patent"), 5,745,574 ("'574 patent"), 6,819,271 ("'271 patent"), 7,984,081 ("'081 patent"), and 6,546,002 ("'002 patent").  Some or all of the five patents-in-suit were previously asserted against eight defendants, including JP Morgan Chase and Capital One, shortly after IV acquired the patents.  With respect to Citi, however, IV waited until now to sue.

The Chase and Capital One Matters have been moving forward for sixteen months and nine months, respectively.[2]   And in the Chase Matter, in contrast to the present case,[3] this Court has already issued a claim construction ruling, fact discovery closes on February 13, 2015, and a trial date has been scheduled for October 13, 2015.  *See* Chase Matter, Dkt. No. 168.  In light of this progress, this Court has observed that the Chase Matter is "moving speedily and efficiently to trial." *Id.*, Dkt. No. 154, at 7.  Similarly, in the Capital One Matter, IV's final infringement

---

[1] The parties conferred, and IV informed Citi that it opposes the present motion.

[2] The six other cases are currently stayed pending the resolution of several post-grant proceedings involving the patents-in-suit that are pending before the United States Patent & Trademark Office. *See Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*, No. 8:13-cv-00167 (D. Neb.); *Intellectual Ventures II LLC v. BBVA Compass Bancshares, Inc.*, No. 2:13-cv-01106 (N.D. Ala.); *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160 (W.D. Mo.); *Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-cv-02454 (N.D. Ga.) (stayed pending court's decision on motion to stay); *Intellectual Ventures II LLC v. U.S. Bancorp.*, No. 0:13-cv-02071 (D. Minn.); *Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, No. 2:13-cv-00785 (S.D. Ohio).

[3] Citi filed its amended answer and counterclaims on September 2, 2014, and IV filed its reply on September 16.  *See* Dkt. Nos. 35–36.  A Rule 26(f) case management conference has not yet been scheduled, and the parties have engaged in no discovery to date.

contentions were served on September 22, 2014, the parties are currently in the midst of fact discovery, and opening claim construction briefs are due on November 17, 2014.  Capital One Matter, Dkt. No. 93.

The Chase Matter and Capital One Matter collectively present many of the same factual and legal issues implicated in this case.  The Chase Matter, for example, involves the '574 and '666 patents, while the Capital One Matter involves the '271, '081 and '002 patents.  Thus, the two cases address all of the patent-specific issues and defenses (such as invalidity, unenforceability, inventorship, and ownership) that might be raised in this case.  The Chase and Capital One Matters also appear to present similar infringement and damages issues, based on IV's boilerplate infringement allegations in all three actions, as shown below.

| Asserted Patent | Citi Accused Product / Service | Chase/Capital One Accused Product / Service |
|---|---|---|
| '574 patent | "systems and services that comply with the PCI Data Security Standard for encrypting data during communication sessions, including, but not limited to, its website" (Dkt. No. 1, ¶ 50) | "systems and services that comply with the PCI Data Security Standard for encrypting data during communication sessions, including, but not limited to, its website" (Chase Matter, Dkt. No. 1, ¶ 21) |
| '666 patent | "systems or services that use IBM's System Z mainframe computers, including IBM zEnterprise System" (Dkt. No. 1, ¶ 23) | "systems or services that use IBM's Z10 systems" (Chase Matter, Dkt. No. 1, ¶ 45) |
| '271 patent | "parallel data decompression and/or compression features and technology, including within IBM Netezza systems" (Dkt. No. 1, ¶ 27) | "parallel data decompression and/or compression features and technology, including within IBM Netezza systems" (Capital One Matter, Dkt. No. 1, ¶ 25) |
| '081 patent | "database applications capable of processing XML data, including systems running IBM DB2 software" (Dkt. No. 1, ¶ 31) | "database applications capable of processing XML data, including systems running IBM DB2 software" (Capital One Matter, Dkt. No. 1, ¶ 28) |
| '002 patent | "Citi Mobile® Apps and CitiDirect BE Mobile Apps" (Dkt. No. 1, ¶ 35) | "Mobile Banking and ShareBuilder Applications" (Capital One Matter, Dkt. No. 1, ¶ 47) |

### III.    ARGUMENT

The Court should stay this civil action at least while it adjudicates the Chase Matter.  It is well settled that district courts have the power to stay proceedings particularly where, as here, a related proceeding is likely to affect the case.  *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013).

Prematurely litigating IV's newly filed action against Citi, despite the status of the Chase and Capital One Matters, would result in a significant and senseless waste of resources.  Courts in this and other districts have stayed litigation of such follow-on suits pending resolution of the earlier-filed action to avoid just such waste.  *See Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 28, 2014) (granting stay where earlier-filed action would "likely resolve many of the factual and legal issues in" the later-filed action); *HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *3 (W.D.N.Y. Jan. 30, 2007) ("In light of the similarity of issues, resolution of the [earlier-filed] litigation will more than likely narrow the issues before this Court and ultimately save the parties and the Court from a needless or duplicative expenditure of resources."); *Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857, at *1, 6–7 (N.D. Cal. Jan. 16, 2009) (staying patent infringement cases in light of parallel district court litigation).

When determining whether to stay a civil action, this Court must consider:  (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  In this case, all five factors favor a stay of the proceedings at least until the Chase Matter has been litigated to judgment.

### A.   IV Does Not Have a Legitimate Interest in Immediate Resolution of this Action and Would Not Be Unduly Prejudiced by a Stay.

IV chose to stage this lawsuit significantly behind the Chase and Capital One Matters, demonstrating IV's lack of urgency in litigating the infringement allegations against Citi.  This delay favors a stay.  *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("[F]or some unexplained reason, [plaintiff] waited nearly a year after the '413 patent issued before it filed suit," a fact that "weigh[ed] against [plaintiff's] claims that it will be unduly prejudiced by a stay."); *HMT*, 2007 WL 295328, at *1, 3 (granting defendant's motion to stay in favor of first-filed suit where plaintiff waited twelve months after commencing the first-filed suit to commence second-filed suit); *Trikona Advisors*, 2013 WL 1182960, at *1 (granting defendant's motion to stay where plaintiff waited eight months after commencing the first-filed suit to commence second-filed suit).  If IV wished to "proceed[] expeditiously with the civil litigation," it should have filed suit against Citi at the same time it sued Chase and Capital One on the identical patents.

In addition, IV is a non-practicing entity that does not offer any financial products or services at all, much less compete with Citi with respect to the accused instrumentalities.  IV has sought neither a preliminary injunction nor a permanent injunction, and a stay will only delay (not diminish) the damages to which IV is entitled.  These facts further favor a stay.  *See VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ."); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (granting a stay pending resolution of *inter partes* review proceedings where the plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market.").

Nor can IV credibly claim that it would be unfairly prejudiced by a stay.  Importantly, the Federal Circuit has made clear that what qualifies as unduly prejudicial in this context is an "irreparable harm-type" injury with any eye toward "the patentee's ***need*** for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318 (emphasis added); *see also j2 Global, Inc. v. Integrated Global Concepts, Inc.*, 2013 WL 5688599, at *2 (N.D. Cal. Oct. 18, 2013) (granting defendant's motion to stay in favor of earlier-filed patent infringement action where plaintiff did not move for a preliminary injunction nor argue that it would suffer irreparable harm). The mere fact that a stay will delay an award of monetary damages does not qualify as prejudicial, because delay in the payment of monetary damages is compensable by an award of pre-judgment interest.  *See VirtualAgility*, 759 F.3d at 1318 (noting that "delay[ed] realization of those damages" is not cognizable prejudice).

The first factor strongly favors a stay.

**B.    The Interests of Citi and the Court Strongly Support a Stay, Particularly Given that this Case Has Not Yet Begun.**

The second and third factors—the private interests of and burden on the defendant, and the interests of the courts—likewise strongly favor of a stay.  The Chase and Capital One Matters will likely resolve factual and legal issues that will directly impact—and be dispositive of—some or all of IV's infringement allegations against Citi.  For example, if one or more of the asserted patents is judged invalid,[4] IV will be collaterally estopped from litigating those patents against Citi, *see Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971), and all of the time and expense of litigating the patents prior to the judgment will have been wasted, *see Consolidated*

---

[4] This Court has already observed that the asserted '574 patent, for example, is potentially susceptible to being struck down as invalid.  *See* Khan Decl., Ex. C, Chase Matter, 2014-03-05 Hr'g Tr. at 54:5–14 ("If I act consistently with the way I see things under Section 112 in the *Nautilus* . . . case, I probably would be concerned about this issue of validity."); *id.* at 65:24–66:2 ("If you want to save your patent, you are going to have to figure out the specification[].").

*Aluminum Corp. v. Hi-Tech Ceramics, Inc.*, 1988 WL 32213, at *1 (W.D.N.Y. Apr. 1, 1988) (granting stay and placing great weight on collateral estoppel effect if patents are invalidated in pending related action).  Likewise, IV may be precluded from re-litigating factual issues pertaining to infringement on which it loses during its cases against JP Morgan Chase and Capital One.  *See, e.g.*, *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1381 (Fed. Cir. 2013) (holding that non-mutual collateral estoppel applies to preclude serial suits against products that are "materially identical" for purposes of the asserted claims); *Reese v. Verizon Cal., Inc.*, 498 F. App'x 980, 984 (Fed. Cir. 2012) (holding that plaintiff was precluded from re-litigating claims against "the same technology"); *TM Patents, L.P. v. Int'l Bus. Machs. Corp.*, 72 F. Supp. 2d 370, 375–79 (S.D.N.Y. 1999) (applying non-mutual defensive preclusion to claim construction reached in parallel proceeding).  This, too, could result in complete preclusion against IV continuing to assert one or more of the patents-in-suit against Citi.

But even if collateral estoppel does not apply, a stay would simplify issues by allowing the Court and the parties to leverage the experience gained in the related proceedings, and would prevent this Court from expending twice the amount of work to adjudicate the same issues.  *See Vertical Doors, Inc. v. Howitt*, No. 8:06-cv-00984, Dkt. No. 129, at 3 (C.D. Cal. Dec. 18, 2007) (staying later-filed patent infringement case until resolution of first-filed case involving same invalidity defenses and noting that the case presented "a textbook example of a instance [sic] in which a stay might well simplify . . . issues, proof, and questions of law" (internal quotation marks omitted)).

The early stage of this case relative to the Chase and Capital One Matters also supports a stay.  This case is in its infancy.  Staying a case at this early juncture "advance[s] judicial efficiency and maximize[s] the likelihood that neither the [c]ourt nor the parties expend their

assets addressing" mooted claims. *Market-Alerts Pty. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013) (internal quotation marks omitted).

By contrast, the Chase and Capital One Matters are proceeding swiftly toward trial—a claim construction order has issued in the Chase Matter, and discovery is very nearly complete.  In fact, the Court previously acknowledged the advanced stage of litigation in the Chase Matter relative to the present case when it determined that consolidation of the cases would be inappropriate.  *See* Khan Decl., Ex. A, Chase Action, 2014-08-20 Hr'g Tr. at 43:17–18 ("We're not going to consolidate[] . . . ."); *cf. Vertical Doors*, No. 8:06-cv-00984, Dkt. No. 129, at 3 (finding that a stay of a later-filed case would be more appropriate than consolidation, which would create "a vastly more complex case for the jury to deal with").

In light of the disparity between the procedural posture of the cases, a stay is clearly appropriate.  *See, e.g.*, *Readick*, 2014 WL 1683799, at *1, 4–5 (staying later-filed case in which no case management plan had been entered and the parties had not engaged in discovery, in contrast to earlier-filed case, which was "at a more advanced stage," and the parties had "already engaged in extensive discovery," which was set to close in two months); *Aspex Eyewear, Inc. v. Safilo USA, Inc.*, No. 1:04-cv-07473, Dkt. No. 23 (S.D.N.Y. Mar. 4, 2005) (staying case in favor of several earlier-filed patent infringement cases against other defendants where Rule 26 Initial Disclosures and infringement contentions were served but no *Markman* order had issued); *id.*, Dkt. Nos. 16–17; *Uniroyal, Inc. v. Sperberg*, 63 F.R.D. 55, 60 (S.D.N.Y. 1973) (staying later-filed patent infringement case in favor of earlier-filed case involving the same plaintiff but different defendants "in the interest of orderly judicial proceedings and the conservation of judicial time and energy," where the earlier-filed case was at a more advanced stage of litigation).

If a stay is not granted, Citi will be greatly harmed.  Ongoing litigation will require Citi to devote substantial time, attention, and employee resources to matters that may be mooted by the pending district court and PTO proceedings.  That is time and effort that can never be recovered, even if Citi were to recover its fees under 35 U.S.C. § 285.  This fact generally weighs in favor of granting a stay, but it is especially salient here, where requiring Citi to proceed with discovery in this case would lead to significant and unnecessary costs.  *See* Khan Decl., Ex. A, Chase Matter, 2014-08-20 Hr'g Tr. at 43:1–4 (urging parties to avoid duplicative discovery and noting that "[n]obody wants to be deposed twice"); Khan Decl., Ex. B, Chase Matter, 2014-04-04 Hr'g Tr. at 5:18–20 ("The greatest aspect of transaction costs is unnecessary duplicative deposition discovery and, to a lesser extent, document discovery."); *see also Consolidated Aluminum*, 1988 WL 32213, at *2 (finding that discovery "at this point in time when it *may* be a needless waste of time, if a finding of invalidity is made, would not be a prudent exercise of this Court's discretion"); *Readick*, 2014 WL 1683799, at *5 (noting that to the extent that the earlier-filed action would "dispose[] of some or all of Plaintiff's claims, discovery in [the later-filed action] will serve little or no purpose").

These factors strongly favor a stay.

**C.    The Interests of the Public, as Well as Persons Not Parties to the Litigation, Are Also Served By a Stay.**

The "strong public interest in avoiding time-consuming and unnecessary duplicative litigation" additionally favors a stay here. *Trikona Advisors*, 2013 WL 1182960, at *1; *see also Readick*, 2014 WL 1683799, at *6 ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary.").

- 9 -

The interests of nonparties also favor a stay.  While this Court has, on several occasions, expressed a preference for IV and the defendants to coordinate discovery, particularly of third parties, *see, e.g.*, Khan Decl., Ex. A, Chase Matter, 2014-08-20 Hr'g Tr. at 43:17–18, the vast disparity in the status of IV's cases against Chase, Capital One, and Citi renders any significant coordination unlikely.  A stay of this case would at least avoid multiple depositions and discovery requests to third parties whose information is relevant only to patent claims that do not survive the Chase and Capital One Matters.

## IV.    CONCLUSION

The Court should stay the present case at least until it completes its adjudication of the Chase Matter.  At that time, the Court should evaluate the status of the Capital One Matter and determine whether to lift the stay.

Dated:  October 7, 2014                    Respectfully submitted,

**WILMER CUTLER PICKERING**
**HALE & DORR LLP**

*/s/ Gregory H. Lantier*
Gregory H. Lantier
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile: (202) 663-6363
gregory.lantier@wilmerhale.com

Omar A. Khan
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
omar.khan@wilmerhale.com

**KIRKLAND & ELLIS LLP**

- 10 -

Kenneth R. Adamo
Brent Ray
601 Lexington Avenue
New York, NY 10022-4611
Telephone:  (212) 446-4839
Facsimile:  (212)
446-4900 kenneth.adamo@kirkland.com brent.ray
@kirkland.com

*Attorneys for Defendants / Counterclaim-Plaintiffs*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to this Court's Rule 2(E), the parties met and conferred about the foregoing motion to stay this action on October 2, 2014.  Specifically, Gregory Lantier, counsel for Defendants, and Elizabeth Day, counsel for Plaintiffs, met and conferred.  It was clear from the parties' discussions that they could not reach agreement as to the relief requested.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on the following counsel of record by

electronic mail, as per the parties' agreement on service, on October 7, 2014:

William Irvin Dunnegan
**Dunnegan & Scileppi LLC**
wd@dunnegan.com

Clayton W. Thompson, II
David Alberti
Elizabeth Day
Ian Feinberg
Marc C. Belloli
Nickolas Bohl
Peter Mikhail
Sal Lim
Vinay Kumar Malik
Yakov Zolotorev
**Feinberg Day Alberti & Thompson LLP**
cthompson@feinday.com
dalberti@feinday.com
eday@feinday.com
ifeinberg@feinday.com
mbelloli@feinday.com
nbohl@feinday.com
pmikhail@feinday.com
slim@feinday.com
vmalik@feinday.com
yzolotorev@feinday.com

/s/ *Richard A. Crudo*
Richard A. Crudo