**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

                    Plaintiffs,

            v.

CITIGROUP, INC., CITICORP, and CITIBANK,
N.A.,

                    Defendants.

---

1:14-cv-04638-AKH

**JURY TRIAL DEMANDED**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY THE PROCEEDINGS**

## TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................1

II.  ARGUMENT ..........................................................................................................2

    A.   There Is No Basis for a Stay Under Applicable Law ........................................2

    B.   IV Has a Legitimate Interest in a Timely Resolution of this Action .....................8

    C.   Only Citi's Own Interest in Avoiding Litigation Favors a Stay ..........................11

    D.   The Interests of the Public Do Not Favor a Stay ...........................................15

III. CONCLUSION .......................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Aspex Eyewar, Inc. v. Safilo USA, Inc.*,
   No. 1:04-cv-07473, Dkt. No. 23 (S.D.N.Y. Mar 4, 2005) .......................................15

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
   713 F.3d 1377 (Fed. Cir. 2013)..................................................................................13

*Blue Spike, LLC v. ImageWare Systems, Inc.*,
   No. 14CV850 BEN (BLM) (S.D. Cal.) .........................................................................4

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
   2014 WL 1369721 (D. Del. Apr. 7, 2014) .................................................................11

*C.B. Marchant Co. v. E. Foods, Inc.*,
   756 F.2d 317 (4th Cir. 1985) ......................................................................................15

*Collins v. Pond Creek Mining Co.*,
   468 F.3d 213 (4th Cir. 2006) ......................................................................................14

*HMT, Inc. v. Bell BCI Co.*,
   2007 WL 295328 (W.D.N.Y. Jan 30, 2007)..................................................................7

*j2 Global, Inc. v. Integrated Global Concepts, Inc.*,
   2013 WL 5688599 (N.D. Cal. Oct. 18, 2013)........................................................11, 12

*Jackson Jordan, Inc. v. Plasser Am. Corp.*,
   747 F.2d 1567 (Fed. Cir. 1984)...................................................................................14

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989).....................................................................................3

*Kappel v. Comfort*,
   914 F. Supp. 1056 (S.D.N.Y. 1996).....................................................................8, 9, 10

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990).................................................................................2, 3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)......................................................................................................5

*Readick v. Avis Budget Grp., Inc.*,
  2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014)......................................................................7, 15

*Ritter v. Mount St. Mary's Coll.*,
  814 F.2d 986 (4th Cir. 1987) .......................................................................................14

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*,
  941 F. Supp.2d 367 (S.D.N.Y. 2012)...............................................................................5

*TecSec, Inc. v. IBM*,
  731 F.3d 1336 (Fed. Cir. 2013).......................................................................................15

*TM Patents, L.P. v. Int'l Bus. Machs. Corp.*,
  72 F. Supp.2d 370 (S.D.N.Y. 1999)................................................................................14

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
  617 F.3d 1296 (Fed. Cir. 2010).......................................................................................13

*Trikona Advisors Ltd. v. Kai-Lin Chuang*,
  2013 WL 1182969 (E.D.N.Y. Mar. 20, 2013)....................................................................6, 17

*Uniroyal, Inc. v. Sperberg*,
  63 F.R.D. 55 (S.D.N.Y. 1973) .......................................................................................16

*Vertical Doors, Inc. v. Howitt*,
  No. 8:06-cv-00984 (C.D. Cal Dec. 18, 2007) ......................................................................15

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)..................................................................................10, 11

*Yodlee, Inc. v. Ablaise Ltd.*,
  2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ..........................................................................8

**STATUTES**

35 U.S.C. § 282.........................................................................................................12

iii

## I.    INTRODUCTION

Intellectual Ventures I LLC I and Intellectual Ventures II LLC (collectively "IV") oppose the Motion to Stay the Proceedings ("Motion to Stay"), Doc. 41, of defendants Citigroup, Inc., Citicorp and Citibank, N.A. (collectively "Citi") on October 7, 2014 because it seeks a stay on a basis not recognized by law.  To understand how bizarre Citi's stay request is, it is important to understand what Citi's Motion to Stay is ***not***, namely a motion to stay based on any of the established grounds for staying a patent case: Inter-Partes Re-examination ("IPR"), Covered Business Method Patent Post Grant Review ("CBM Review"), the "customer suit" exception to the first-filed rule, or a declaratory relief action stayed in favor of a later filed direct infringement action in a "race to the courthouse situation." Rather, Citi's seeks a stay based solely on the pendency of another case brought by (1) ***one of the two plaintiffs***, Intellectual Ventures II LLC, against an ***unrelated entity*** (JP Morgan Chase & Co.), (2) asserting infringement of ***two of the five patents*** asserted in this case (3) before the same judge which (4) was filed a year earlier than this case.  Citi's real beef appears to be that because Citi was sued a year after Chase was sued, it will have to mount its own defense rather than coordinating its defense with Chase.  But being bereft of a joint defense group is not a recognized basis for granting a stay.

Although Citi's Motion to stay discusses in considerable detail *Intellectual Ventures I LLC v. Capital One Financial Corp.*, No. 8:14-cv-00111 (D.Md.) (the "Capital One Matter"), Capital One only seeks a stay until this Court "completes its adjudication of the two overlapping patents at issue in" in *Intellectual Ventures II LLC v. JPMorgan Chase & Co*. No. 1:13-cv-03777 (S.D.N.Y.) (the "Chase Matter").  Thus, Citi is seeking to stay this case pending adjudication in the Chase Matter of only two of the five patents-in-suit here. The fact that three of the patents asserted against Citi are also asserted against Capital One is of no moment because Citi is not seeking a stay in favor of the Capital One Matter.  And Citi does not even discuss the fact that

one of the two plaintiffs in this case, Intellectual Ventures I LLC, is not even a party in the Chase Matter because none of its patents are in suit in the Chase Matter.

While Citi correctly points out that "[t]the Chase Matter is scheduled for trial before this Court in October 2015", Citi for some reason fails to mention that Citi's own counsel[1] is doing everything in its power to prevent that trial from happening in October 2015, including moving to stay the Chase Matter, appealing the denial of the motion to stay to the Federal Circuit, and seeking a stay pending its appeal of the denial of its stay motion.  If Citi's counsel is successful in its appeal of the denial of the stay motion in the Chase Matter, the requested stay could last two and a half years, not the "mere" year that would follow from a stay pending an October 2015 trial in the Chase Matter.

## II.   ARGUMENT

### A.    There Is No Basis for a Stay Under Applicable Law

Citi seeks a stay but does not agree to be bound by *any decision* in the case (or cases) in favor of which it seeks a stay, despite its suggestion that it uses the same technology accused of infringement in the Chase Matter.   Citi wants a stay first and foremost for the unstated reason that like most defendants, it would like to delay plaintiffs' day in court.  But it unashamedly bases its stay motion on one-way collateral estoppel and hopes that it could benefit from possible outcomes in the Chase Matter (and Capital One Matter) favorable to it while not being bound by possible outcomes unfavorable to it. Cit's attempt to "have its cake, eat it too and lose weight" should be rejected.

The Federal Circuit has explained that "[t]he public policy favoring expeditious resolution of disputes is of particular weight when dealing with wasting assets such patents. There is no good reason to unduly delay the resolution of major issues that will not be resolve in

---

[1]Citi counsel Kenneth Adamo and Brent Ray of Kirkland & Elli are also counsel to JP Morgan Chase in the Chase Matter.

the [earlier filed] action." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990). The Federal Circuit spoke in the context of appeal from an order in Katz' Massachusetts infringement action against the manufacturer, Lear Siegler and its Smith & Wesson subsidiary, enjoining Katz from prosecuting two other actions in New York.  As the Federal Circuit has previously held, "[t] here is no functional distinction between a stay of the first-filed suit and an injunction against prosecution of the first-filed suit." *Kahn v. General Motors Corp*., 889 F.2d 1078, 1080 (Fed. Cir. 1989)  The Federal Circuit upheld the injunction against Katz proceeding in one of the cases under the customer-suit exception, but reversed the injunction against Katz proceeding in the other patent infringement case because resolution of the Massachusetts case could not resolve all of the issues in that case.  *Katz*, 909 F.2d at 1463-64.

Here, as with the reversed injunction in *Katz*, the Chase Matter does not have the potential to resolve all of the issues in this case in part because only two of the five patents-in-suit here are also in suit in the Chase Matter.   And even considering the Capital One Matter asserting the other three patents-in-suit here, the only result that could simplify issues here is if a patent is found invalid.  If a patent is found not invalid, there will be no simplification of issues as to that patent because Citi does not agree to be bound by that determination, even as to the two patents in common with the Chase Matter where it is represented by counsel representing Citi here.  And regardless of whether a patent is found infringed or not infringed, it would have no effect on this action because Citi has not agreed that infringement of its patents rise or fall with whether the patents are infringed by Chase or Capital One.  And Citi's motion totally discounts the  statistical probability  that both the Chase Matter and the Capital One Matter will settle before verdict, resulting in no judicial efficiency and only delay.

 Just last week, a district court denied a requested stay in similar but far more compelling circumstances than are present here.  There, Blue Spike LLC, a non-practicing entity, had sued

3

ImageWare Systems, Inc. ("IWS") in the Southern District of California for infringement of patents that were also in suit against other defendants in other district courts.  IWS sought a stay "pending the outcome of motions for summary judgment filed by defendants in other cases involving the same patents at issue in this case."  *Blue Spike, LLC v. ImageWare Systems, Inc.*, Case No. 14CV850 BEN (BLM) (S.D. Cal.), Docket No. 41, at p.1, a true and correct copy of which is attached to the Declaration of Ian N. Feinberg in Support of Plaintiffs' Opposition to Defendants' Motion to Stay the Proceedings ("Feinberg Decl") as **Exhibit A.**   The *Blue Spike* Court denied the stay because:

> Defendant has not identified any hardship it will suffering [**sic**] in proceeding with this action other than defending itself in litigation.  Plaintiff has identified possible damage it will suffer if the case is stayed.  Plaintiff notes that its efforts to license the technology at issue have been undermined and will continue to be undermined until this case, filed more than two years ago, is resolved.

> Defendant relieves heavily on the potential efficiency of awaiting other courts' decisions concerning the validity of the patents at issue, presumably to avoid litigating the same issues in this case.  However, Plaintiff accurately notes that Defendant has not agreed to be bound by the other courts' decisions on invalidity if the decisions are unfavorable to Defendant.  Regardless, any gains in efficiency do not outweigh the prejudice to Plaintiff in delaying this case further, particularly when Defendant will not suffer any prejudice.

*Id.* at p.2

None of the cases cited by Citi support staying this case pending resolution of the Chase Matter (or pending resolution of the Capital One Matter as well).  Rather, Citi appears to have simply cited irrelevant cases for the sound-bites they provide.  That is because there appears to be no instance of a court staying a case against one defendant because a subset of the asserted patents also were asserted against an unrelated entity, or that two subsets comprising the whole were asserted against two different unrelated entities in two different cases. Indeed, Citi's theory apparently is that only one case asserting infringement of a patent should proceed at the same time, and any other case asserting infringement of any of the patents asserted in the first case

4

should be stated.  Obviously that is not the law.   For the convenience of the Court, this Brief will discuss the cases in the same order they are discussed in the Memorandum of Law in Support of Defendants CitiGroup, Inc.'s, CitiCorp.'s and Citibank, N.A.'s Motion to Stay the Proceedings ("Citi Memorandum"), Document 42.

Citi first relies on *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp.2d 367, 369 (S.D.N.Y. 2013) for the proposition that "district courts have power to stay proceedings particularly where, has here, a related proceeding is likely to affect the case." (Citi Memorandum at 4).   IV to does not take issue with that general proposition, but the facts of *Royal Park* are totally inapposite to Citi's Motion to Stay.  The Court in *Royal Park* granted a stay pending a determination by the Judicial Panel on Multi-District Litigation ("JPML") of whether ***that very case*** would be part of a pending Multi-District Litigation ("MDL"), and as the *Royal Park* Court noted, "courts have routinely stayed motions pending ruling by the JPML."  *Id.* at 370.  The Royal Park decision staying a case pending the decision by the JPML on whether to include that very case in a pending MDL, has nothing to do Citi's motion to stay this case pending resolution of another case that asserts two of the five patents at issue here.

Similarly, the next two cases cited by Citi, introduced by the "see also" signal, are totally irrelevant.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), sets forth general principles for when a stay might be granted.  In particular, it held that a district court could stay a constitutional challenge to an act of Congress, when an identical challenge was pending in another court, but remanded the case to determine whether under its newly articulated standard a stay was appropriate.  *Id.* at 258-59.  But importantly, Landis established a standard for when a stay may be granted that Citi fails even to address.  In particular, Landis held that it is the moving party's burden to demonstrate "a ***clear case of hardship or inequity*** in being required to go forward."  *Id.* at 255 (emphasis supplied).  It is hard to imagine a multinational bank like Citi ever being

5

able to demonstrate a clear case of hardship or inequity by defending itself in a patent case, and it certainly has not made such a showing here.

And while Citi cites *Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013) for the general proposition that a court may stay a case, the facts of *Trikona* are as inapposite to Citi's Stay Motion as are the facts of *Royal Park* and *Landis*. In particular, the *Trikona* court stayed its case because the defendant there, Chuang, was the personal assistant of Chugh, against whom essentially identical tort claims were pending in Connecticut arising out of the same transaction in which both Chuang and Chugh participated (the Trikona court had concluded that transfer was desirable but unavailable because the Connecticut lacked jurisdiction over Chuang). The same claims arising out of the same facts were pending in both cases, and the claims in Connecticut "related to the same facts that underlie the instant action." Id. at *1. That is demonstrably not the case here.

Citi next cites *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) for the proposition that the later filed case against Citi should be stayed in favor of the earlier filed Chase and Capital One Matters, although Citi does not actually seek a stay in favor of the Capital One Matter. (Citi Memorandum at 4)  But *Readick* stayed a second-filed class action seeking to represent a class of New York residents, in favor of an earlier filed class action seeking to represent a nationwide class seeking redress for the same injuries. The Court stayed the later filed but smaller proposed class action because "[t]hese two actions involve substantially duplicative claims …[which] will require similar proof and legal analysis, making claim preclusion likely." *Id.* at *5. By contrast, of the ten issues in this case, infringement and validity as to each of the five asserted patents, only a verdict of invalidity could have collateral estoppel effect. And only two of the five patents are being litigated in the Chase Matter, the only case in whose favor Citi seeks a stay, meaning that at most only a finding of invalidity as to those

6

two patents could have preclusive effect here.  This is in complete contrast to *Readick*, where any decision in the national class action was likely to be preclusive on the New York class action.

Citi quotes *HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *3 (W.D.N.Y. Jan 30, 2007) for the proposition that "[i]n light of the similarity of issues, resolution of the [earlier-filed] litigation will more than likely narrow the issues before this Court and ultimately save the parties and the Court from a needless or duplicative expenditure of resources."   But that was because HMT was suing Bell in  the W.D.N.Y. for breach of a construction subcontract, while Bell was being sued in another district (Maryland) for breach of the general contract for which HMT was acting as Bell's subcontractor. *Id.* at *1.   The W.D.N.Y. stayed the subcontractor's case against the general contractor in favor of the breach of contract case against the general contractor, because "if AIS prevails on its claim that HMT's [the subcontractor] defective welds caused AIS to sustain damages, Bell [the general contractor] is entitled to assert those damages against HMT pursuant to the indemnification provision contained in the Bell/HMT contract."  The New York case was stayed because "a determination [in the Maryland case against the general contractor] will have an impact on certain issues raised in this proceeding including the amount due and owing to HMT."  *Id.* at *2.

*Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009), cited by Citi on page 4 of its Memorandum, differs in two major respects from the instant case.  First, the case was for infringement of a single patent.  Second, the stay was granted until the earlier of resolution of a re-examination proceeding granted by the PTO less than a month earlier, *Id.* at *2, *5, or a case pending in another district in which there as a pending motion for summary judgment of invalidity.  *Id.* at *5, *6.  Here, in contrast, Citi seeks to stay a case asserting five patents, not one, and not on the basis of any IPR or pending summary judgment motion but

instead on the ground that the Chase Matter is a year ahead of this case. *Yodlee* provides no support for such a stay.

Next, Citi correctly cites *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996) for the five factors a court should consider when deciding whether to grant a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at 1058.

IV agrees that those are the applicable factors, but the facts of *Kappel* are totally divorced from the facts of the pending stay motion. "The complaint [in *Kappel*] sounds like the second reel of a movie; the first reel apparently was shown in Pennsylvania before the current complaint was filed here." *Id.* at 1057. In short, the complaint in the *Kappel* case was identical to the complaint in a pending Pennsylvania case because the New York case was brought against two defendants who were dismissed from the Pennsylvania case for lack of personal jurisdiction. *Id.* at 1058. A stay was granted in the New York case because the Pennsylvania case was stayed at the suggestion of the plaintiffs in the New York case, and the stay was to last only so long as the Pennsylvania case remained stayed. *Id.* at 1058. As with the other cases relied on by Citi, there is no connection between the facts of Kappel and Citi's requested stay in this case.

## B.    IV Has a Legitimate Interest in a Timely Resolution of this Action

Citi makes the astounding argument that IV's decision to sue Citi after it sued Chase and Capital One "demonstrat[es] IV's lack of urgency in litigating the infringement allegations against Citi. " (Citi Motion to Stay at p.5), Citi cites no case, because there is none, for the proposition that a patentee has to sue every infringer at the same time lest every case but the first be stayed in favor of the first filed action for "lack of urgency."

Citi quotes the statement in *VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1319 (Fed. Cir. 2014) that "[F]or some unexplained reason, [plaintiff] waited nearly a year after the '413 patent issued before it filed suit," a fact that "weigh[ed] against [plaintiff's] claims that it will be unduly prejudiced by a stay."   But the quotation is in response to the plaintiff's argument that it would suffer undue prejudice from a stay because "it needs injunctive relief as soon as possible to prevent irreparable harm to its business."  *Id.* at 1318.  The Federal Circuit noted that the plaintiff's failure to seek a preliminary injunction, and its decision to wait a year after the patent issue before filing suit, weighed against its argument that it would suffer undue prejudice from not being able to get an injunction.  *Id*. at 1319.

More important, the issue in *VirtualAgility* was not whether one case should be stayed in favor of another, but whether a district court case should be stayed pending the outcome of Covered Business Method Patent Post Grant Review ("CBM review"). The standard applicable to a stay pending CBM review is statutory under AIA § 18(b)(1) (*Id.* at 1309), and is not the same as the standard applicable to Citi's Motion to Stay here.  In particular, the prejudice standard is whether the stay "would ***unduly*** prejudice the nonmoving party, *id.*, whereas the standard for granting a stay  here is "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed." *Kappel,* 914 F. Supp. at 1058.  And unlike here, where only two of the patents-in-suit are also at issue in the Chase Matter in whose favor Citi seeks a stay, the Federal Circuit held that "[w]e find it significant that the PTAB granted CBM review on *all* asserted claims of the *sole* asserted patent.  And it determined that all of these clams were more likely than not unpatentable on two separate, alternative grounds…. This CBM review could dispose of the entire litigation; the ultimate simplification of issues." *VirtualAgility* 759 F.3d at 1314 (emphasis in original). *VirtualAgility* has nothing to do with whether this case should be stayed in favor of

9

the Chase Matter, and IV's decision to not file suit against two giant New York banks at the same time is irrelevant to whether IV is entitled to proceed expeditiously in this Court.

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721 (D. Del. Apr. 7, 2014), cited in Citi's Memorandum at p. 5, is no more on point.  There the court stayed a patent case in which four of the six patents-in-suit were subject to IPR petitions, two of which had been granted and the other two were under PTO review.  *Id.* at *1.   As in *VirtualAgility*, the test for prejudice was "whether a stay would ***unduly*** prejudice or present a clear tactical disadvantage to the non-moving party."  *Id* at *2 (emphasis added).  The Court's discussion of plaintiff's status as a non-practicing entity was in response to plaintiff's argument that defendants would "'run roughshod over its patent rights and alter the economics of the market for licenses to the technologies covered by its patents.'"  *Id.* at *5.

Citi next cites *j2 Global, Inc. v. Integrated Global Concepts, Inc.*, 2013 WL 5688599 (N.D. Cal. Oct. 18, 2013) as "granting defendant's motion to stay in favor of earlier-filed patent infringement action where plaintiff did not move for a preliminary injunction nor argue that it would suffer irreparable harm."  (Citi Memorandum at 6)  That is not what happened in that case.  Rather, there were two cases in which J2 asserted different patents against the same defendant, IGC.  *J2 Global* at *2.  The cases were pending in the same district and were related by the Court.  *Id.*  The Court had stayed the first case pending resolution of a potentially dispositive issue, the scope of a covenant not to sue.  The Court then stayed the second case pending resolution of the scope of the covenant not to sue in the first case, because the defendant contended that the covenant not to sue applied to the patent in suit in the second case as well as to the patents in suit in the first case.  *Id.*  "Because the related patent case is already stayed, the court finds that the orderly and efficient administration of these cases favors granting the stay to resolve the scope of the covenant before proceeding with the patent claims."  *Id.*  Thus, both

10

cases were stayed pending resolution of a single potentially dispositive issue common to both cases.  Like the prior cases cited by Citi, *j2 Global* does not bear on whether this case should be stayed.

### C.     Only Citi's Own Non-Cognizable Interest in Avoiding Having to Defend Itself Favors a Stay

Citi argues that the private interests and burden on it in defendant this action somehow justifies a stay.  But Citi shows no interest or burden on it other than its understandable interest in avoiding having to defend itself in patent litigation.  But that is not the sort of interest or burden that has been recognized as a basis for staying a case; every defendant has a similar interest.

Citi argues that both it and the Court has an interest in staying this case because IV could be collaterally estopped from asserting patents that could be held invalid in the Chase Matter.  But "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."  35 U.S.C. § 282.  Since IV has not yet identified the claims asserted against Citi, the extent of overlap between the claims asserted in the Chase Matter and the claims that will be at issue here is entirely speculative.  Thus, the scope of any potential collateral estoppel effect of a decision invalidity asserted claims in the Chase Matter is entirely speculative.

No case cited by Citi or located by IV has stayed a patent case based on the possibility that another case that is a year away from trial might invalidate all or some of the claims asserted in both cases.  If the potential collateral estoppel effect of a possible decision invalidating a patent claim in a case justified staying other cases asserting the same patents, a patentee could never simultaneously litigate the same patent against multiple defendants.  Indeed, taken to its

logical conclusion, Citi's position would require *seriatim* litigation of a patent, such that a second and additional cases asserting  a patent would be stayed pending resolution of the first case which also asserts that patent (presumably only if there is also overlap in the asserted claims in the two cases).  Then, if the first case does not invalidate the patent, the second case could proceed but the third and additional cases would remain stayed because, after all, the second case also could invalidate the asserted claims and that invalidity decision could also have a collateral estoppel effect on other cases.  And so it would go such that only one case asserting a given patent would be active at any one time.

Similarly, no case cited by Citi nor found by IV stands for the proposition that the possibility that a patent will be held not infringed in one case justifies staying another case asserting the same patent against a different defendant, where it is not admitted that both cases involve identical accused technology.  And collateral estoppel of non-infringement only applies where "the infringement issue in [the second case] is identical to the one in [the first case]. *Aspex Eyewear, Inc. v. Zenni Optical Inc*., 713 F.3d 1377, 1382 (Fed. Cir. 2013), *quoting Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311-12 (Fed. Cir. 2010).  But Citi has not stipulated that its systems and services are the same as Chase's for infringement purposes, and IV has not served infringement contentions identifying identical infringing elements.  Indeed, at this point all Citi knows is that two of the five patents asserted against Chase are also asserted against Citi; Citi does not even know yet whether even all the same claims asserted against Chase will also be asserted against Citi.

Citi also argues that even if collateral estoppel does not bar IV from asserting infringement by Citi, collateral estoppel could apply to the claim construction orders in the Chase Matter or the Capital One Matter, citing *TM Patents, L.P. v. Int'l Bus. Machs. Corp.*, 72 F. Supp.2d 370, 375-79 (S.D.N.Y. 1999).  (Citi Memorandum at p. 7)  But subsequent Federal

12

Circuit law makes it clear that collateral estoppel applies to claim construction orders only in the narrowest of circumstances.   For collateral estoppel to apply to a court's claim construction, the construction "had to be the reason for the loss," *Jackson Jordan, Inc. v. Plasser Am. Corp.,* 747 F.2d 1567, 1577 (Fed. Cir. 1984).

> Among other elements, the party that seeks to invoke collateral estoppel must show that the litigated issue was "actually determined in the prior proceeding" and was a "critical and necessary part of the decision in the prior proceeding." *Collins v. Pond Creek Mining Co.,* 468 F.3d 213, 217 (4th Cir.2006). A corollary to this requirement is "where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment." *Ritter v. Mount St. Mary's Coll.,* 814 F.2d 986, 993 (4th Cir.1987); *see also C.B. Marchant Co. v. E. Foods, Inc.,* 756 F.2d 317, 319 (4th Cir.1985).

*TecSec, Inc. v. IBM*, 731 F.3d 1336, 1343 (Fed. Cir. 2013). Thus, it is speculative, to say the least, that IV will be collaterally estopped on claim construction, and such a remote possibility provides no basis to stay this case.

Citi next cites *Vertical Doors, Inc. v. Howitt*, No. 8:06-cv-00984, Dkt. No. 129 (C.D. Cal Dec. 18, 2007), for the proposition that a stay would simplify issues by allowing the parties to leverage the experience gained in related proceedings.  But that could be said of staying every case asserting a patent at issue in another case.  And in *Vertical Doors* "[t]he stay will only last about three months" (*id*. at p.3) and both cases shared a specific dispositive issue of invalidity, whether there was an on sale bar based on "prior sales by TG Factory." (*id*. at p. 2).

Citi again cites *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) for the proposition that the court should stay a later-filed case in which no case management plan had been entered or discovery commenced in favor of a "case at a more advanced stage," but *Readick* stayed the second-filed class action seeking to represent a subset of the same class represented in the earlier filed action because "[t]hese two actions involve

substantially duplicative claims …[which] will require similar proof and legal analysis, making claim preclusion likely." *Id.* at *5.

Citi next cites *Aspex Eyewar, Inc. v. Safilo USA, Inc*., No. 1:04-cv-07473, Dkts. No. 16, 17, 23 (S.D.N.Y. Mar 4, 2005) as staying a case in favor of several earlier-filed patent infringement cases.  But the one page order,  Dkt. 23,  does not state the basis for its decision. One of the principal arguments raised in the motion to stay was that plaintiff waited more than four years after sending a notice of infringement letter to defendant before filing suit, demonstrating lack of prejudice from a stay.  (Dkt. 17 at 7-8).  Citi alleges no similar delay here because there was none.

Citi next cites *Uniroyal, Inc. v. Sperberg*, 63 F.R.D. 55, 60 (S.D.N.Y. 1973) as "staying later-filed infringement case in favor of earlier-filed case involving the same plaintiff but different defendants."  (Citi Memorandum at 8)  But contrary to Citi's assertion, it appears that the Uniroyal case was stayed precisely because it was not a "later-filed infringement case." There, Sperberg filed a patent infringement suit in Ohio against five major tire manufacturers, including Uniroyal. *Id.* at 57.  Uniroyal was dismissed for improper venue from the Ohio case, but before being dismissed filed a declaratory relief action against Sperberg in the S.D.N.Y. *Id,* The declaratory relief case was dismissed for lack of personal jurisdiction over Sperberg. *Id,* Uniroyal then filed a second declaratory relief action against Sperberg in the S.D.N.Y., and served him in New York *Id.*  Sperberg moved to dismiss again, but this time the Court found personal jurisdiction based on service in the forum. *Id.* at 57-59.   The Court then stayed, apparently on its own motion, Uniroyal's declaratory relief case in favor of Sperberg's Ohio direct infringement case based on the policy of staying declaratory relief actions in favor of parallel direct infringement actions, even though Uniroyal was no longer a defendant in that case, *Id.* at 60.  And the stay would be of short duration since trial was only three and a half months

14

away.  *Id.*  Here, by contrast, this case is not a declaratory relief action, there is no single direct infringement case against all the banks other than Citi, and trial in the Chase case is a year away.

### D.    The Interests of the Public Do Not Favor a Stay

Citi again cites *Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013), this time for the general proposition that there is a "strong public interest in avoiding time-consuming and unnecessary duplicative litigation."  *Id.* at *1.   The general proposition is correct, but the facts of *Trikona*, as explained above, have nothing to do with whether this case should be stayed.  There the claims in the stayed case were derivative of the claims in the earlier-filed case, since the defendant in the stayed E.D.N.Y case had worked for the defendant in the first-filed Connecticut action, and the claims against both defendants were identical and arose from their work together.  Therefore the first-filed case "related to the same facts that underlie the instant action."  *Id.* at *1.  There was obvious judicial economy in not proceeding in two cases with identical facts against closely related defendants arising out of the same alleged wrongdoing.  Here there is no public interest favoring a stay.

### III.    CONCLUSION

Citi has not shown that one of the world's largest banks having to defend itself in patent litigation presents "a clear case of hardship or inequity." For that reason and for the additional reasons stated above, IV respectfully requests that the Court deny Citi's Motion to Stay.

Dated:  October 24, 2014

Respectfully yours,

/s/ *William Dunnegan*
William  Dunnegan
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, NY 10118

15

(212)332-8300
Fax: (212) 332-8301
wd@dunnegan.com

Ian N. Feinberg (pro hac vice)
ifeinberg@feinday.com
Elizabeth Day, Esq. (pro hac vice)
eday@feinday.com
Marc Belloli, Esq. (pro hac vice)
mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON,
LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
650) 618-4360
*Attorneys for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Stay Pending Inter Partes Review of the Patents-In-Suit to be served via the CM/ECF system of the U.S. District Court for the Southern District of New York on all counsel of record.

This 25th day of October 2014.

_/s/ Ian N. Feinberg_