# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | 14 Civ. 4638 (AKH) |
| v. | ) ) | |
| CITIGROUP, INC., CITICORP, and CITIBANK, N.A., | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF DEFENDANTS CITIGROUP, INC.'S, CITICORP'S, AND CITIBANK, N.A.'S MOTION TO STAY THE PROCEEDINGS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.      INTRODUCTION ..................................................................................................... 1

II.     ARGUMENT ............................................................................................................ 2

        A.      The Court Has the Discretion to Stay the Case to Ensure Efficient Use
                of Judicial and Party Resources and to Manage its Docket ................................... 2

        B.      IV Has No Legitimate Interest in Immediate Resolution of this Action
                and Would Not Be Unduly Prejudiced by a Stay ..................................................... 3

        C.      The Interests of Citi and the Court Strongly Support a Stay, Particularly
                Given that this Case Is in Its Infancy ....................................................................... 5

        D.      The Interests of the Public, as Well as Persons Not Parties to the
                Litigation, Are Also Served By a Stay ..................................................................... 8

III.    CONCLUSION ........................................................................................................ 9

CERTIFICATE OF SERVICE

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Blue Spike, LLC v. ImageWare Systems, Inc.*,
  No. 3:14-cv-00850 (S.D. Cal. Oct. 9, 2014) ...........................................................................5

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*,
  2014 WL 1369721 (D. Del. Apr. 7, 2014)..........................................................................3, 7

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  243 F. Supp. 2d 31 (S.D.N.Y. 2003)........................................................................................7

*Edberg v. CPI—The Alternative Supplier, Inc.*,
  156 F. Supp. 2d 190 (D. Conn. 2001) ......................................................................................8

*Hartley v. Mentor Corp.*,
  869 F.2d 1469 (Fed. Cir. 1989)................................................................................................8

*HMT, Inc. v. Bell BCI Co.*,
  2007 WL 295328 (W.D.N.Y. Jan. 30, 2007) ......................................................................3, 4

*In re Google Inc.*,
  2014 WL 5032336, -- F. App'x -- (Fed. Cir. Oct. 9, 2014) ....................................................2

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990)................................................................................................4

*Landis v. North American Co.*,
  299 U.S. 248 (1936)............................................................................................................2, 7

*Lasala v. Needham & Co.*,
  399 F. Supp. 2d 421 (S.D.N.Y. 2005)......................................................................................6

*Readick v. Avis Budget Group, Inc.*,
  2014 WL 1683799 (S.D.N.Y. Apr. 25, 2014)..........................................................................6

*Robert Bosch Healthcare Sytems, Inc. v. Cardiocom, LLC*,
  2014 WL 3107447 (N.D. Cal. July 3, 2014).............................................................................3

*St. Clair Intellectual Property Consultants, Inc. v. Motorola Mobility LLC*,
  2012 WL 4321743 (D. Del. Sept. 20, 2012).............................................................................7

*TM Patents, L.P. v. International Business Machines Corp.*,
  72 F. Supp. 2d 370 (S.D.N.Y. 1999)...................................................................................7–8

*Trikona Advisors Ltd. v. Chung*,
  2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013)..........................................................................4

*Vertical Doors, Inc. v. Howitt,*
No. 8:06-cv-00984, Dkt. No. 129 (C.D. Cal. Dec. 18, 2007) ...............................................8–9

*VirtualAgility Inc. v. Salesforce.com, Inc.,*
759 F.3d 1307 (Fed. Cir. 2014) ..........................................................................................3

*Yodlee, Inc. v. Ablaise Ltd.,*
2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ....................................................................5, 7

**OTHER AUTHORITIES**

Randall R. Rader et al., *Make Patent Trolls Pay in Court,*
N.Y. Times, June 5, 2013, at A25 .........................................................................................8

I.     **<u>INTRODUCTION</u>**

In opposition to Citi's motion to stay, IV aggressively argues that the facts of the present case are not identical to prior cases in which courts have stayed proceedings.  *See* Dkt. 46 [IV Br.] at 2–8.  IV's argument misses the fundamental point.  The Court's inherent authority to stay proceedings is not limited to a pre-defined set of facts.  To the contrary, district courts properly take a commonsense approach and grant stays when there is no compelling need to advance the case immediately and, on balance, moving forward would result in an unnecessary waste of judicial and party resources.

This case presents such circumstances.  On the one hand, barring a stay, the Court will spend considerable time and resources adjudicating discovery disputes and other issues that will likely be mooted by the outcome of the Chase and Capital One Matters.  Citi will likewise spend significant time and resources obtaining and providing discovery that will likely be irrelevant because their merits will have been determined previously in the Chase and Capital One Matters. On the other hand, IV has repeatedly demonstrated a lack of urgency in its case against Citi.  First, it waited a year after initially asserting the patents against others to assert them against Citi. Second, and more recently, IV ***failed to serve infringement contentions*** on October 24, 2014, despite the parties' agreed schedule requiring it to do so.  *See* Dkt. 40 [Letter Addressed to Judge Hellerstein].  IV thus has no legitimate claim that it must prosecute this action as quickly as possible, regardless of the cost or expenditure of the Court's resources.

Simply put, there is no reason why this Court, solely because of IV's serial litigation strategy, should expend twice the amount of resources and time necessary to resolve overlapping issues between cases involving essentially the same plaintiffs, several of the same patents, and similar technology.  Citi submits that a more sensible approach to this series of litigations is for this

Court to adjudicate the Chase Matter first, and then determine whether and how the present matter should move forward, based on the circumstances at that time.[1]

II.   **ARGUMENT**

A.   **The Court Has the Discretion to Stay the Case to Ensure Efficient Use of Judicial and Party Resources and to Manage its Docket.**

IV incorrectly argues that a court may stay a case only in limited circumstances, which IV then argues are distinguishable from this case. *See* Dkt. 46 at 1. It is well established, however, that a court has authority to stay a case in favor of an earlier-filed action pursuant to "the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Dkt. 42 [Citi Br.] at 4 (citing cases issuing stays on basis of inherent authority).

The critical issue here—one that IV ignores—is whether a stay would lead to efficiency. This issue requires a flexible analysis, as emphasized by the Federal Circuit in a recent decision, *In re Google Inc.*, 2014 WL 5032336, -- F. App'x -- (Fed. Cir. Oct. 9, 2014). In that case, the Federal Circuit granted a writ of mandamus ordering a district court to stay its related cases pending the resolution of a declaratory judgment action in another jurisdiction involving the non-practicing patentee and a third-party software supplier to the defendants. The policy concerns at issue in *Google* are identical to those at issue here. The Federal Circuit stated that courts should be cognizant of the need "to avoid wasted resources," and should employ "a flexible approach" rather than a "mechanical solution" or "precise rule." *Id.* at *3. When the specific circumstances of this

---

[1]      IV attempts to mischaracterize Citi's request for relief as being based solely on the earlier-filed Chase Matter. Citi instead seeks a stay in light of both co-pending litigations—the Chase and Capital One Matters—because those two litigations present substantially the same issues as this case. The limited nature of Citi's request for relief—a stay only until there is an adjudication of the overlapping patents in the Chase Matter—would give the Court additional flexibility in managing this case. Once the Court has adjudicated the overlapping patents in the Chase Matter, it can then evaluate the status of the Capital One Matter, and other relevant circumstances, and determine whether to lift the stay.

case are considered, granting a stay while the Court adjudicates the Chase Matter is the right approach.

> **B.    IV Has No Legitimate Interest in Immediate Resolution of this Action and Would Not Be Unduly Prejudiced by a Stay.**

IV's brief does not identify *any* prejudice that it would suffer from a stay, and there is no prejudice.[2]  IV does not practice the asserted patents, allege irreparable harm, seek an injunction, or face any competitive harm.  *Cf. Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *4–5 (D. Del. Apr. 7, 2014) (holding plaintiff's status as non-practicing entity supports a stay).  Any delay in an award of monetary damages or licensing opportunities is not cognizable as "prejudice" in the context of a stay motion.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, 2014 WL 3107447, at *7 (N.D. Cal. July 3, 2014); *Bonutti*, 2014 WL 1369721, at *4–5.

The lack of any prejudice to IV is confirmed by its own conduct.  Rather than filing suit against Citi shortly after acquiring the patents at issue, when it asserted the same patents against other defendants, IV strategically waited for more than a year to assert the patents against Citi.  Citi does not contend, as IV suggests, that the law *requires* IV to "sue every infringer at the same time," nor does Citi argue that "only one case asserting a given patent" must "be active at any one time."  Dkt. 46 at 8, 11–12.  But IV's delay in bringing suit is indisputably a factor that the Court

---

[2]    IV emphasizes that the present case involves both Intellectual Ventures I LLC ("IV I") and Intellectual Ventures II LLC ("IV II"), while the Chase Matter involves only IV II.  *See* Dkt. 46 at 1, 2.  This is a distinction without a difference, however, as both plaintiffs are litigation entities owned and controlled by the same non-practicing parent entity, Intellectual Ventures Management, LLC.  Additionally, both cases involve a common plaintiff—IV II, which owns the overlapping patents.  IV also fails to mention that the Capital One case involves both IV I and IV II.  Nevertheless, complete identity of parties is not necessary for a stay to be appropriate.  *See HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *3 (W.D.N.Y. Jan. 30, 2007) ("There is no question that the parties in the [earlier-filed] litigation are not identical to the parties in the instant action, nonetheless, that fact alone does not compel the conclusion that a stay is inappropriate.").

can consider in determining whether additional delay is sufficiently prejudicial to IV so as to weigh against a stay.  Other courts in this jurisdiction have also done so.  *See HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *1, 3 (W.D.N.Y. Jan. 30, 2007) (granting defendant's motion to stay in favor of first-filed suit where plaintiff waited twelve months after commencing the first-filed suit to commence the second-filed suit); *Trikona Advisors Ltd. v. Chung*, 2013 WL 1182960, at *1 (E.D.N.Y. Mar. 20, 2013) (granting defendant's motion to stay where plaintiff waited eight months after commencing the first-filed suit to commence second-filed suit); *see also* Dkt. 42 at 5.

IV cites to a single case in which patents are described as "wasting assets," *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463–64 (Fed. Cir. 1990); Dkt. 46 at 2–3, to suggest that there is inherent harm in granting a stay in a patent infringement action.  But that case, and the context of the Federal Circuit's statement therein, do not support IV's argument.  ***First***, the issue before the Federal Circuit in *Katz* was whether the district court erred in ***enjoining a parallel proceeding in a different jurisdiction***, and not whether, as here, the court erred in ***staying its own case*** for efficiency reasons.  The former represents a radical form of relief, as a district court must affirmatively interfere with another court's proceedings.  Here, by contrast, Citi merely requests that the Court stay its own case, as a matter of discretion.

***Second***, the parallel proceeding in *Katz* included an ownership dispute over patent rights.[3] *Katz*, 909 F.2d at 1463.  The reference to patents as "wasting assets"—quoted by IV—therefore referred to the fact that resolving that dispute would enable the owner to seek a permanent injunction against the activities of others, but only during the lifetime of the patents.  That is not the case here, where IV has already filed its infringement action and is not seeking an injunction.

---

[3]      IV's reference to the parallel proceeding as a "patent infringement case" is incorrect.  *See* Dkt. 46 at 3.

Regardless of whether IV's case moves forward immediately or whether it moves forward a year from now, the beginning of the recoverable damages period will be the same.

### C.     The Interests of Citi and the Court Strongly Support a Stay, Particularly Given that this Case Is in Its Infancy.

IV does not dispute that the Chase and Capital One Matters are far more advanced than the present case.[4]   Nor does it dispute that this disparity results solely from IV's litigation strategy. Indeed, IV itself has made no effort to proceed with litigation activities in the present case.

Moreover, IV does not even attempt to address the fact that forging ahead with this case will unnecessarily double the burden on the courts litigating these patents, including this Court. Both the Chase and Capital One Matters have been fiercely litigated, with the parties engaged in several discovery-related disputes.   For example, over the last month, the parties in the Chase Matter have fully briefed four complex motions to compel, precipitating the upcoming November 4 hearing.   *See* Chase Matter, Dkt. 265 [Order Regulating Pending Discovery Motions].   Likewise, in the Capital One Matter, the parties are engaged in motion practice regarding the sufficiency of IV's infringement contentions and Capital One's request for leave to file a third amended answer. The Court can likely expect the same litigation activity in the present case, and it makes little sense to require the Court to resolve similar disputes in the present action if the merits of the underlying infringement claims are going to be resolved in the Chase and Capital One Matters.

---

[4]      IV's heavy reliance on *Blue Spike, LLC v. ImageWare Systems, Inc.*, No. 3:14-cv-00850 (S.D. Cal. Oct. 9, 2014), is unconvincing.   In *Blue Spike*, the defendant waited two years after the case was filed to seek a stay.   *Id.* at 2.   Yet the relevant proceedings were filed ***within two months of each other***.   The court determined that the "gains in efficiency" associated with a stay would be minimal, at least compared to the prejudice to plaintiff in delaying the case any further, and so late in litigation.   *Id.*   The present case, by contrast, is in its infancy, has been pending for only four months, and was filed more than one year after the Chase Matter.   The "gains in efficiency" associated with a stay in the present case far outweigh the prejudice to IV, in contrast to *Blue Spike*. *See Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857, at *3 (N.D. Cal. Jan. 16, 2009) (staying case where no discovery had taken place in contrast to parallel case in which discovery had been completed, and a *Markman* hearing held).

IV concedes that a determination as to the validity of the patents in the Chase and Capital One Matters "could simplify issues here." Dkt. 46 at 3. That is an understatement, as this Court has already acknowledged that some of the patents at issue are susceptible to invalidity challenges.[5] *See* Dkt. 42 at 6, n.4. IV argues, however, that there are "only ten" overlapping issues between this case and the Chase and Capital One Matters: infringement and invalidity for each of the five patents. *See* Dkt. 46 at 6. Yet IV ignores the numerous subsidiary issues that overlap, including, for example, claim construction, inventorship, and the nature and scope of the prior art.

Regardless of how many issues overlap between the cases, IV is incorrect that a lack of complete overlap of asserted patents forecloses a stay. *See* Dkt. 46 at 4, 6.[6] Importantly, a court may "enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 25, 2014) (quoting *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)) (rejecting argument that "duplicative federal actions must raise identical claims in order for a court to stay the later-filed action" in light of the fact that the earlier-filed action "will likely resolve many of the factual and legal issues in" the later-filed action). Courts have stayed cases even where the later-filed case included some, but not

---

[5]     Indeed, JPMC has filed a motion for summary judgment of invalidity with respect to three of the patents-in-suit in the Chase Matter. *See* Chase Matter, Dkt. 252 [Motion for Summary Judgment]. It is very likely that the validity of the overlapping patents will also be litigated before trial in the Chase Matter, as well as the Capital One Matter, a possibility that IV completely ignores.

[6]     Trying to downplay the similarity between the two cases, IV argues that because it has not identified the claims that it will assert against Citi, "the extent of overlap between" the cases "is entirely speculative." Dkt. 46 at 11. Notably, IV previously agreed to serve its infringement contentions on October 24, which it failed to do. Nevertheless, aside from conceding that the case is in its infancy compared to the Chase Matter, IV's argument is unpersuasive given that it has asserted the same set of claims against each defendant against which it has asserted the patents-in-suit.

all, patents at issue in the earlier-filed case. *See Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857, at *3 (N.D. Cal. Jan. 16, 2009) (staying group of cases involving fewer asserted claims of overlapping patent); *St. Clair Intellectual Property Consultants, Inc. v. Motorola Mobility LLC*, 2012 WL 4321743, at *1 (D. Del. Sept. 20, 2012) (staying case where related cases involved overlapping, but not identical, patents); *cf. Bonutti*, 2014 WL 1369721 (staying case pending resolution of post-grant review proceeding involving some, but not all, patents-in-suit).   While the Chase and Capital One Matters "may not settle every question of fact and law" at issue in the present suit, they will "in all likelihood . . . settle many and simplify them," at least with respect to the overlapping patents. *Landis*, 299 U.S. at 256.

IV seeks to have the Court discount the effects of estoppel by arguing that it would be unfair to hold IV to the findings of the Court in the Chase Matter where Citi itself does not agree to be bound by such findings.  *See* Dkt. 46 at 2–3.  But collateral estoppel is an equitable doctrine designed to be "one-way" precisely to ensure that only those who have had a full and fair opportunity to litigate issues to final adjudication are bound by such issues.  There is nothing "unfair" about this rule.[7]  More importantly, IV's argument is irrelevant.  Regardless of whether the Court decides to stay this action, given the disparity in procedural posture in the cases, collateral estoppel is likely to bar IV from litigating some of its claims.  The question at this juncture is whether it is an efficient use of the Court's and the parties' resources to press forward

---

[7]    Courts in this jurisdiction have repeatedly used such one-way estoppel to bar re-litigation of issues, including claim construction. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 243 F. Supp. 2d 31, 35 (S.D.N.Y. 2003) (holding plaintiffs were collaterally estopped from re-litigating claim construction), *aff'd*, 363 F.3d 1263 (Fed. Cir. 2004); *TM Patents, L.P. v. Int'l Bus. Machs. Corp.*, 72 F. Supp. 2d 370, 378 (S.D.N.Y. 1999) (same).

with this action as though the Chase and Capital One Matters do not exist.[8]  It is not.  Indeed, even if estoppel does not apply, the Court's rulings in the Chase and Capital One Matters will impact the manner in which the parties pursue this case.  IV ignores this practical reality.

### D. The Interests of the Public, as Well as Persons Not Parties to the Litigation, Are Also Served By a Stay.

IV does not dispute that considerations of judicial economy also advance the public interest, generally, but instead argues that judicial economy will not be realized by staying the present case because the Capital One and Chase Matters do not involve "identical facts" as the present case.  *Id.* at 15.  Yet common sense reveals that judicial resources would be conserved by requiring the Court to expend only as much effort, time, and resources as are required to adjudicate common issues once.  The public interest is served by such judicial economy, as the court would then be able to direct its resources to other matters.  *Cf.* Randall R. Rader et al., *Make Patent Trolls Pay in Court*, N.Y. Times, June 5, 2013, at A25 (noting that abusive litigation involving non-practicing entities "clog[s] our judicial system," thereby "costing defendants and taxpayers tens of billions of dollars each year and delaying justice for those who legitimately need a fair hearing of their claims"); *see also Vertical Doors, Inc. v. Howitt*, No. 8:06-cv-00984, Dkt. No. 129, at 3 (C.D. Cal. Dec. 18, 2007) (noting that "the potential savings in judicial resources"

---

[8]      IV claims that Citi ignores the possibility the Chase and Capital One Matters will settle before trial.  However, collateral estoppel may apply even if IV chooses to settle.  *See TM Patents*, 72 F. Supp. 2d at 378 ("A party who cuts off his right to review by settling a disputed matter cannot complain that the question was never reviewed on appeal."); *id.* ("The *Markman* rulings were not vacated as part of the settlement.  They therefore remain preclusive."); *see also Edberg v. CPI—The Alt. Supplier, Inc.*, 156 F. Supp. 2d 190, 196 (D. Conn. 2001) (denying reconsideration of prior claim construction ruling because "the mere fact that plaintiffs settled the prior case does not give this Court's prior rulings any less preclusive effect"), *aff'd*, 41 F. App'x 426 (Fed. Cir. 2001); *cf. Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989) ("Thus, that a judgment is entered by stipulation does not *in and of itself* remove the effect of a court's prior determination of specific issues in the litigation.").

associated with a stay "are great, given that the Court and an entire group of potential jurors might

be spared a needlessly duplicative trial").

III.     **CONCLUSION**

The Court should stay the present case at least until it completes its adjudication of the

Chase Matter.  At that time, the Court should evaluate the status of the Capital One Matter and

determine whether to lift the stay.

Dated:  October 31, 2014                        Respectfully submitted,

**WILMER CUTLER PICKERING**
**HALE & DORR LLP**

*/s/ Gregory H. Lantier*
Gregory H. Lantier
Richard Crudo (*pro hac vice* pending)
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile: (202) 663-6363
gregory.lantier@wilmerhale.com

Omar A. Khan
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
omar.khan@wilmerhale.com


**KIRKLAND & ELLIS LLP**
Kenneth R. Adamo
Brent Ray
601 Lexington Avenue
New York, NY 10022-4611
Telephone:  (212) 446-4839
Facsimile:  (212) 446-4900
kenneth.adamo@kirkland.com
brent.ray@kirkland.com

*Attorneys for Defendants / Counterclaim-Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Dated:  October 31, 2014

/s/ *Gregory H. Lantier*
Gregory H. Lantier