UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
: **ORDER DENYING**
INTELLECTUAL VENTURES I LLC, ET AL., : **DEFENDANTS' MOTION TO**
: **STAY THE PROCEEDINGS**
Plaintiffs, :
:
v. : 14-cv-4638 (AKH)
:
CITIGROUP, INC., ET AL., :
:
Defendants. :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (together, "Intellectual Ventures") filed claims of patent infringement against Citigroup, Inc., Citicorp, and Citibank, N.A. (collectively, "Citi") on June 25, 2014 (the "Citi Matter") in the above-captioned case. A year earlier, on June 4, 2013, Intellectual Ventures sued J.P. Morgan Chase & Co. ("JPMC"), *see Intellectual Ventures II LLC v. J.P. Morgan Chase & Co.*, No. 13 Civ. 03777, asserting similar patent infringement claims (the "Chase Matter"). Intellectual Ventures also filed a similar suit on January 15, 2014 against Capital One Financial Corp. ("Capital One") in the United States District Court for the District of Maryland (the "Capital One Matter"), *see Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 14 Civ. 00111.

  Citi now moves to stay the Citi Matter while the Chase Matter and the Capital One Matter proceed. For the following reasons, Citi's motion is denied.

**I. Factual Background**

  Intellectual Ventures filed suit against Citi on June 25, 2014 alleging infringement of five patents: U.S. Patent Nos. 7,634,666 (the "'666 Patent"), 5,745,574 (the "'574 Patent"),

1

6,819,271 (the "'271 Patent"), 7,984,081 (the "'081 Patent"), and 6,546,001 (the "'002 Patent"), each concerning technology for cyber security and the protection of customer payment information. Citi filed its amended answer and counterclaims on September 2, 2014 and Intellectual Ventures filed its reply on September 16, 2014. The parties have not held a Rule 26(f) conference and have not yet begun discovery.

Intellectual Ventures commenced the Chase Matter on June 4, 2013, alleging infringement of U.S. Patent Nos. 6,826,694 (the "'694 Patent"), 6,715,084 (the "'084 Patent"), 6,314,409 (the "'409 Patent"), as well as two patents also at issue in the Citi Matter: the '666 Patent and the '574 Patent. I have issued a claim construction ruling in the Chase Matter and fact discovery is scheduled to close on February 13, 2015. Intellectual Ventures commenced the Capital One Matter in the District of Maryland on January 15, 2014, alleging infringement of the '409 Patent, the '084 Patent, and three patents also at issue in the Citi Matter: the '271 Patent, '081 Patent, and the '002 Patent. The parties are currently conducting fact discovery and claim construction briefing in front of Judge Paul W. Grimm.[1]

## II. Discussion

The power of District Courts to stay proceedings is well-settled. *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[1] Intellectual Ventures has filed six other cases in various District Courts that are stayed pending resolution of post-grant proceedings before the United States Patent and Trademark Office and other motions to stay. *See Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*, No. 13 Civ. 00167 (D. Neb.); *Intellectual Ventures II LLC v. BBVA Compass Bancshares, Inc.*, No. 13 Civ. 01106 (N.D. Ala.); *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 13 Civ. 04160 (W.D. Mo.); *Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, No. 13 Civ. 02454 (N.D. Ga.); *Intellectual Ventures II LLC v. U.S. Bancorp.*, No. 13 Civ. 02071 (D. Minn.); *Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, No. 13 Civ. 00785 (S.D. Ohio).

2

time and effort for itself, for counsel, and for litigants.")). In deciding whether to grant a stay, courts in this Circuit consider five factors:

> (1) [T]he private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). The principal objective in considering these factors is the "avoidance of unfair prejudice." *Am. Steamship Owners Mut. Prot. & Indemn. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007). Courts "are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with [their] case." *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *3 (S.D.N.Y. Apr. 28, 2014); *see also Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

The circumstances here do not warrant a stay of the proceedings. Only two of the patents at issue in the Citi Matter—the '666 Patent and the '574 Patent—are also at issue in the Chase Matter. Even if I were also to consider staying the Citi Matter pending resolution of the Capital One Matter—in which the '271 Patent, the '081 Patent, and the '002 Patent are also at issue—Citi has not agreed to be bound by a ruling adverse to Chase, and, therefore, preclusive effect would only apply to a ruling of patent invalidity or non-infringement. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) ("Due process prohibits estopping [parties that did not appear in a prior action] despite one or more existing adjudications of the identical issue which stand squarely against their position."). Thus, it is far from clear whether, and to what

3

degree, resolution of the issues in the Chase Matter would conserve the resources of the parties and the Court in the Citi Matter. *Cf. Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *5 (S.D.N.Y. Apr. 28, 2014) (staying second-filed class action pending resolution of larger, first-filed nationwide class action because the "two actions involve substantially duplicative claims . . . requir[ing] similar proof and legal analysis, making claim preclusion likely"). Furthermore, Citi has failed to show any burden that proceeding with the Citi Matter would impose upon it beyond the typical burden and cost of litigation. Accordingly, I hold that the right of Intellectual Ventures to proceed with the Citi Matter is neither outweighed by unfair prejudice to Citi nor by considerations of judicial economy. *See Kappel*, 914 F. Supp. at 1058.

### III. Conclusions

For the foregoing reasons, Citi's motion is DENIED. The Clerk shall mark the motion (Doc. No. 41) terminated.

SO ORDERED.

Dated:   New York, New York
         December 9, 2014

ALVIN K. HELLERSTEIN
United States District Judge