**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP, INC., CITICORP, and CITIBANK, N.A.,<br><br>Defendants. | 14 Civ. 4638 (AKH) |

**DEFENDANTS CITIGROUP, INC.'S, CITICORP'S, AND CITIBANK, N.A.'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101 WITH RESPECT TO THE '002 AND '081 PATENTS BASED ON ISSUE PRECLUSION**

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... iii

I. THIS COURT SHOULD GRANT SUMMARY JUDGMENT THAT THE CLAIMS OF THE '002 AND '081 PATENTS ARE INVALID UNDER § 101 BASED ON ISSUE PRECLUSION .......... 3

A. IV Litigated and Lost the Identical Issue of Invalidity Under § 101 in the Old Republic and Capital One Cases .......... 4

1. The § 101 Issues Were Determined by the Old Republic and Capital One Orders .......... 4

2. Citi Requests Preclusion on the Same § 101 Issues .......... 6

B. The Old Republic and Capital One Orders Actually Determined that the '002 and '081 Patent Claims Are Invalid Under § 101 .......... 9

C. Invalidity of the '002 and '081 Patent Claims Was a Critical and Necessary Part of the Old Republic and Capital One Orders .......... 9

D. The Old Republic and Capital One Orders are Final and Valid .......... 10

E. IV Had a Full and Fair Opportunity to Litigate Invalidity of the '002 and '081 Patent Claims under § 101 in the Old Republic and Capital One Cases .......... 10

II. THIS COURT'S CLAIM CONSTRUCTIONS DO NOT AFFECT THE QUESTION OF INVALIDITY UNDER § 101 .......... 11

III. CONCLUSION .......... 12

ADDITIONAL SUPPORTING DOCUMENTS

Declaration of Richard A. Crudo in Support of Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 with Respect to the '002 and '081 Patents Based on Issue Preclusion

Exhibit A: Judge Hornak's September 25, 2015 Opinion in *Intellectual Ventures I LLC v. Old Republic General Insurance Group, Inc.*, No. 2:14-cv-01130 (W.D. Pa. Sept. 25, 2015) (Dkt. No. 57)

Exhibit B: Judge Hornak's September 25, 2015 Order in *Intellectual Ventures I LLC v. Old Republic General Insurance Group, Inc.*, No. 2:14-cv-01130 (W.D. Pa. Sept. 25, 2015) (Dkt. No. 58)

Exhibit C: Judge Grimm's September 2, 2015 Opinion in *Intellectual Ventures I LLC v. Capital One Financial Corp.*, No. 8:14-cv-00111 (D. Md. Sept. 2, 2015) (Dkt. No. 377)

Exhibit D: Judge Grimm's September 8, 2015 Order in *Intellectual Ventures I LLC v. Capital One Financial Corp.*, No. 8:14-cv-00111 (D. Md. Sept. 8, 2015) (Dkt. No, 387)

Exhibit E: Redline comparison of claims 1, 10, and 21 of U.S. Patent No. 7,984,081

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. v. CLS Bank Int'l*,
134 S. Ct. 2347 (2014)....................4

*Bilski v. Kappos*,
130 S. Ct. 3218, 3230 (2010)....................8

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971)....................3, 10

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
No. 12-2501 MAS TJB, 2013 WL 3964909 (D.N.J. July 31, 2013)....................8

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
70 F. Supp. 3d 808, 815-16 (E.D. Tex. Oct. 3, 2014)....................4, 12

*DietGoal Innovations LLC v. Time, Inc.*,
No. 13-8381 (PAE), 2014 WL 3892965 (S.D.N.Y. Aug. 8, 2014)....................12

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013)....................11

*Glory Licensing LLC v. Toys "R" Us, Inc.*,
No. 09-4252 (FSH), 2011 WL 1870591 (D.N.J. May 16, 2011)....................8

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
No. 8:14-cv-00111, Dkt. 382 (D. Md. Sept. 4, 2015)....................4

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002)....................3

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
132 S. Ct. 1289 (2012)....................4

*Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*,
717 F.2d 1374 (Fed. Cir. 1983)....................3, 10

*Ohio Willow Wood Co. v. Alps S., LLC*,
735 F.3d 1333 (Fed. Cir. 2013)....................3, 7, 8

*Pharmacia & Upjohn v. Mylan Pharms., Inc.*,
170 F.3d 1373 (Fed. Cir. 1999)....................10, 11

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
778 F.3d 1311 (Fed. Cir. 2015)........................................................................................ 3-4, 7

**Statutes**

35 U.S.C. § 101 ........................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 54(b) ..........................................................................................................2, 10

Defendants Citigroup, Inc., Citicorp, and Citibank, N.A. (collectively, "Citi") move for summary judgment that all claims of U.S. Patent No. 6,546,002 ("the '002 patent") and the asserted claims of U.S. Patent No. 7,984,081 ("the '081 patent") are invalid under 35 U.S.C. § 101 based on issue preclusion.

On September 25, 2015, the U.S. District Court for the Western District of Pennsylvania granted a motion to dismiss a case filed by Intellectual Ventures ("IV") against Old Republic General Insurance Group, Inc. et. al., on the ground that the '002 patent is invalid under § 101. Ex. A, Opinion, *Intellectual Ventures I LLC v. Old Republic Gen. Ins. Grp., Inc.*, No. 2:14-cv-01130 (W.D. Pa. Sept. 25, 2015) (Dkt. No. 57)[1] [hereinafter "Old Republic Order"]. On that same day, the court issued an order dismissing the claims with respect to the '002 patent with prejudice and ordered the case closed. Ex. B, Order, *Intellectual Ventures I LLC v. Old Republic Gen. Ins. Grp., Inc.*, No. 2:14-cv-01130 (W.D. Pa. Sept. 25, 2015) (Dkt. No. 58).

Similarly, on September 2, 2015, the U.S. District Court for the District of Maryland issued a Memorandum Opinion invalidating the claims of the '081 and '002 patents under § 101. Ex. C, Opinion, *Intellectual Ventures II LLC v. Capital One Financial Corp. et. al.*, No. 8:14-cv-00111 (D. Md. Sept. 2, 2015) (Dkt. No. 377) [hereinafter "Capital One Order"]. On September 8, 2015, the court in the Capital One Case entered final judgment in favor of Capital One. Ex. D, Order, *Intellectual Ventures II LLC v. Capital One Financial Corp. et. al.*, No. 8:14-cv-00111 (D. Md. Sept. 8, 2015) (Dkt. No, 387).

---

[1] IV filed three cases—*Intellectual Ventures I LLC v. Erie Indemnity Co. et. al.*, No. 1:14-cv-00220; *Intellectual Ventures I LLC v. Old Republic General Ins. Grp., Inc. et. al.*, No. 2:14-cv-01130; and *Intellectual Ventures I LLC v. Highmark, Inc. et. al.*, No. 2:14-cv-01131—in the Western District of Pennsylvania, all of which were assigned to Judge Hornak. The court consolidated the cases for pre-trial purposes and filed the same decision in all three, invalidating the '002 patent and two other unrelated patents under § 101. *See* Ex. A at 2 n.4.

Citi is entitled to summary judgment based on a straightforward application of issue preclusion. The Second Circuit's four-element test is satisfied:

1. The invalidity of the '002 and '081 patents is identical to the issues that IV litigated and lost in the Old Republic and Capital One Cases. Citi is challenging the validity of all claims of the '002 patent and all asserted claims of the '081 patent. The Old Republic Order expressly invalidated all claims of the '002 patent, and the Capital One Order expressly invalidated claims 21, 22, and 24 of the '081 patent. With respect to claims 1-4, 10-13, and 23 of the '081 patent—which are asserted here but were not asserted in the Capital One Case—the differences between those claims and the claims invalidated in the Capital One Order do not materially alter the question of validity. *See* Sections I.A.2.b, II, *infra*.

2. Invalidity of the '002 and '081 patent claims under § 101 was actually determined by the Old Republic and Capital One Orders and was a critical and necessary part of those orders.

3. The Old Republic Order is final because the Old Republic court dismissed the '002 patent claims with prejudice. The Capital One Order is final because the Capital One court expressly entered final judgment pursuant to Federal Rule of Civil Procedure 54(b).

4. IV had a full and fair opportunity to litigate the invalidity of the '002 and '081 patent claims under § 101 in the Old Republic and Capital One Cases, and IV, which bears the burden to prove otherwise, cannot do so.

Finally, because this presents an issue of ***defensive*** (rather than ***offensive***) collateral estoppel, it is not a discretionary decision. "Unless the [Court] finds that [IV] did not have" "a full

and fair opportunity to litigate the validity of the patent[s]" in the Old Republic and Capital One Cases, it "***must*** treat the prior determination of invalidity as estopping [IV] from relitigating that question. . . . [and] ***cannot permit*** relitigation because of equitable considerations." *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1379 (Fed. Cir. 1983) (emphasis added). Because IV clearly had such an opportunity here, defensive collateral estoppel mandates entry of summary judgment for Citi that the '002 and '081 patents are invalid under § 101.

## I. THIS COURT SHOULD GRANT SUMMARY JUDGMENT THAT THE CLAIMS OF THE '002 AND '081 PATENTS ARE INVALID UNDER § 101 BASED ON ISSUE PRECLUSION

Issue preclusion, or collateral estoppel, "protects [Citi] from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against [IV]." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). In patent cases, issue preclusion is governed by regional circuit precedent, though Federal Circuit precedent governs "aspects of such a determination that involve substantive issues of patent law." *Id.* In the Second Circuit, Citi must show that the following elements are satisfied:

(1) the identical issue was raised in a previous proceeding;

(2) the issue was actually litigated and decided in the previous proceeding;

(3) the party had a full and fair opportunity to litigate the issue; and

(4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002). In the patent context, courts routinely apply collateral estoppel to prevent plaintiffs from relitigating the validity of patent claims where similar claims have been held invalid, including where the claims have previously been found patent-ineligible under § 101. *See, e.g.*, *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971); *Soverain Software LLC v. Victoria's Secret Direct*

*Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel."); *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 815-16 (E.D. Tex. Oct. 3, 2014) (Bryson, J. sitting by designation) (applying collateral estoppel based on previous decision invalidating claims under § 101); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 8:14-cv-00111, Dkt. 382 (D. Md. Sept. 4, 2015) (applying collateral estoppel based on this Court's § 101 rulings as to different IV patents).

Here, all four elements of the collateral estoppel test are satisfied.

### A. IV Litigated and Lost the Identical Issue of Invalidity Under § 101 in the Old Republic and Capital One Cases

The Old Republic and Capital One Orders collectively decided the identical issue presented here—whether the '002 and '081 patents claim ineligible subject matter under 35 U.S.C. § 101. Thus, the first element of issue preclusion—identity of issues—is satisfied.

#### 1. The § 101 Issues Were Determined by the Old Republic and Capital One Orders

Old Republic moved to dismiss IV's complaint on the ground that all claims of the '002 patent were directed to ineligible subject matter under § 101. Ex. A at 2. Capital One similarly moved for summary judgment that the asserted claims of the '081 and '002 patents are invalid under § 101. Ex. C at 3.

Old Republic argued that all claims of the '002 patent are invalid under § 101. Applying step 1 of the *Alice* analysis,[2] the court determined in its 77-page opinion that the '002 patent is

[2] *See Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (explaining that the first step of the § 101 analysis is to determine "whether the claims at issue are directed to a patent-eligible concept," which requires identifying whether the patent claims, *inter alia*, an abstract idea); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012).

directed to "the abstract idea of remotely accessing user specific information." Ex. A at 72. The court analogized this concept to the practice of "calling a person from one location in order to obtain information located in another place," which "amounts to a general 'method of organizing human activity.'" *Id.* at 72-73. Applying step two of the *Alice* analysis, the court found that the claims "lack the requisite inventive concept that would transform the abstract idea of remotely accessing user-specific information into patent eligible subject matter" because the recited "mobile interface," "local device," "network server," and "pointers" are "conventional and well-known computer technology." *Id.* at 74-75. The court also underscored the preemptive reach of the '002 patent, noting that it "explicitly states that it governs 'dynamic access' to a broad swath of information 'via ***any*** computer ***type*** device.'" *Id.* at 75 (emphasis in original). Finally, the court found that, even if the '002 patent did address a problem "rooted in computer technology," its claims nevertheless fail to specify "how that solution works." *Id.* at 76. Ultimately, the court determined that the patent "threatens to preempt too much and simply does not provide the type of inventive concept necessary to render the claims patent eligible under § 101," and granted Old Republic's motion to dismiss. *Id.* at 76; Ex. B.[3]

[3] Similarly, Capital One argued that claims 9, 11, 34, and 37 of the '002 patent are invalid under § 101. Applying the first step of the *Alice* test, the court determined that the '002 patent is "directed to the abstract idea of retrieving data located in another place by using a device with information that pinpoints the data's location to facilitate its retrieval." Ex. C at 33. The court likened this concept to the practice of using "an index, table of contents, card catalog, directory, or address book to find information by locating a topic or name, noting the corresponding number or location, and going to that number or location to obtain the information sought." *Id.* The court went on to state that "[t]his concept of retrieving data from a remote location by relying on a label that identifies its location is a 'fundamental . . . practice long prevalent in our system.'" *Id.* Applying the second step of the *Alice* analysis, the court held that "'the claimed sequence of steps comprises only 'conventional steps, specified at a high level of generality.' This is insufficient to supply an 'inventive concept.'" *Id.* at 37 (citation omitted). The court emphasized that the "mobile interface" recited in the claims was not described with any specificity therein—"there are no details about ***how*** the mobile interface operates, only ***what*** it does." *Id.* at 36-37. Based on this

Similarly, Capital One moved for summary judgment on the grounds that claims 21, 22, and 24 of the ’081 patent are invalid under § 101. Ex. C at 12-13. The court analyzed claim 21 as a representative claim based on agreement of the parties. *Id.* at 12. Applying the first step of the § 101 test, the court concluded that “the patent is, at its core, directed to the abstract idea of organizing, displaying, and manipulating data related to business documents” and that “[p]atenting this overly-broad idea on its own would foreclose others from using a fundamental concept underlying various business practices.” *Id.* at 13, 16. The court also concluded that “the claimed invention identifies the need but not the solution.” *Id.* at 30. More specifically, the court explained that “[a] user interface that enabled a non-programmer to make changes and merge content from incompatible digital documents could be useful, but the claims do not describe how that interface works sufficiently, if at all. The result is an incidental use of a computer to perform the claimed process, which does not impose a sufficiently meaningful limitation on the claim’s scope.” *Id.* at 30 (internal quotes omitted). The court granted Capital One’s summary judgment motion and subsequently entered final judgment. *Id.* at 31; Ex. D at 1.

**2. Citi Requests Preclusion on the Same § 101 Issues**

**a) The ’002 Patent**

Because all claims of the ’002 patent were invalidated in the Old Republic Case, that ruling has preclusive effect as to all claims of that patent, including the subset of claims asserted by IV against Citi—namely claims 1, 4, 6-9, 11, 14, 16-19, 21-23, 34, 36, 37, and 39.

---

finding, the court granted summary judgment of invalidity with respect to the challenged claims of the ’002 patent.

**b) The ’081 Patent**

The same claims of the ’081 patent invalidated in the Capital One Case (claims 21, 22, and 24) are asserted here. The § 101 issue previously litigated with respect to these claims is identical to the issue here.

IV also asserts claims 1-4, 10-13, and 23 of the ’081 patent in this case. Although the Capital One Order did not explicitly invalidate these claims, issue preclusion still applies, because none of the textual differences between those claims and the ones invalidated in the Capital One Case materially alter the question of invalidity. *See Soverain Software*, 778 F.3d at 1319 (explaining that “[c]omplete identity of claims is not required to satisfy the identity-of-issues requirement”); *Ohio Willow*, 735 F.3d at 1342 (“Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the ***issues*** that were litigated that determines whether collateral estoppel should apply.”). As the Federal Circuit has explained, “[i]f the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.” *Ohio Willow*, 735 F.3d at 1342.

Claims 1-4, 10-13, and 23 are not materially different from claims 21, 22, and 24 for purposes of issue preclusion. Independent claims 1 and 10 are essentially identical to claim 21, which the Capital One court analyzed as a representative claim of the ’081 patent. *See* Ex. E (chart comparing language of claims 1, 10, and 21). They differ from claim 21 only in form: claim 1 recites the invention in the form of a “computer-implemented method” and claim 10 in the form of a “program memory having instructions stored thereon.” *Id.* The substantive limitations are largely identical but re-worded to match the style of claiming—for example, claim 21 recites “a component that ***identifies,***” and the corresponding limitations in claims 1 and 10 recite “***identifying***” and “instructions for ***identifying***.” *Id.* (emphasis added). These minor changes in

the form of claiming do not "materially alter the question of invalidity." *Ohio Willow*, 735 F.3d at 1342. Indeed, when the challenged claims "are substantially similar and linked to the same abstract idea, the Court is free to dispose of the additional claims in a less detailed fashion" and the defendant is not required to "to engage in an extended attack on each of the [ ] claims contained in the Patents-in-Suit." *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, No. 12-2501 MAS TJB, 2013 WL 3964909, at *5 (D.N.J. July 31, 2013) (citing *Bilski v. Kappos*, 130 S. Ct. 3218, 3230 (2010) (determining that eleven claims were invalid as abstract after analyzing two of the claims in detail)); *Glory Licensing LLC v. Toys "R" Us, Inc.*, No. 09-4252 (FSH), 2011 WL 1870591 (D.N.J. May 16, 2011) (dismissing three patents containing 121 claims after analyzing a single claim). In the Capital One Case, IV agreed that claim 21 of the '081 patent was representative of the other asserted claims, and thus, that all of the asserted claims rise and fall with claim 21. Ex. C at 12. Because independent claims 1 and 10 are essentially identical to claim 21, these claims should be dismissed as patent ineligible subject matter.

The dependent claims asserted here (2-4, 11-13, and 23) should also be dismissed because they are identical to the claims invalidated in the Capital One Case. ***First***, dependent claims 2 and 11 are identical to claim 22, which was invalidated by the Capital One court. *See id.* at 13, 31. Claims 2, 11, and 22 each recite, as their only substantive limitations, "wherein an instance of one of the primary record types includes or points to a relational database table of that primary record type; and wherein the instance of the management record type points to instances of the primary record types." *See* '081 patent at 18:30-35; col. 19, ll. 27-32; col. 20, ll. 62-67. ***Second***, dependent claims 4 and 13 are identical in the same way to claim 24, which was invalidated by the Capital One court. *See id.* at 13, 31.

***Third***, dependent claim 23 is not materially different from claim 24 for purposes of issue preclusion. Claim 24 depends from claim 23 and was held invalid by the Capital One court. *See id.* at 13, 31. Logically, if a narrower, dependent claim (here, claim 24) is not patent-eligible under § 101, its broader "parent" claim (here, claim 23) could not be either: both are necessarily directed at the same abstract idea (at step one of *Alice*) and the broader "parent" claim necessarily does not recite any new features (as compared to its narrower, dependent claim) that could supply an inventive concept (at step two of *Alice*).

***Finally***, because claim 23 cannot be patent-eligible (as explained above), neither can identical claims 3 and 12, because each of those claims recite "wherein the management record type defines business objects and the instances of the management record type comprises the business objects." *See* '081 patent col. 18, ll. 36-38; col. 19, ll. 33-36; col. 21, ll. 1-3.

### B. The Old Republic and Capital One Orders Actually Determined that the '002 and '081 Patent Claims Are Invalid Under § 101

There can be no dispute that the Capital One and Old Republic Orders actually determined that the '002 and '081 patent claims are invalid under § 101.

### C. Invalidity of the '002 and '081 Patent Claims Was a Critical and Necessary Part of the Old Republic and Capital One Orders

Likewise, there can be no dispute that invalidity of the '002 and '081 patent claims under § 101 was a critical and necessary part of the Old Republic and Capital One Orders. *See, e.g.*, Ex. A at 77 ("Because the Court concludes the '002 Patent is not directed to patent eligible subject matter, claims based on infringement of it against the Erie and Highmark Defendants must also [be] dismissed with prejudice."); Ex. D at 1 ("Having issued Memoranda and Orders that dispose of the issues relating to the '002 [and] '081 . . . hereby ORDERED that final judgment is entered in favor of Defendants/Counterclaimants Capital One . . . .").

### D. The Old Republic and Capital One Orders are Final and Valid

There similarly can be no dispute that the Old Republic and Capital One Orders are final and valid. The Old Republic court issued an order dismissing the claims with respect to the '002 patent with prejudice and ordered the case closed. Ex. B. Similarly, the Capital One court entered final judgment with respect to the '002 and '081 patents pursuant to Federal Rule of Civil Procedure 54(b). *See* Ex. D.

### E. IV Had a Full and Fair Opportunity to Litigate Invalidity of the '002 and '081 Patent Claims under § 101 in the Old Republic and Capital One Cases

Where, as here, Citi has raised the defense of issue preclusion, the burden is on IV to demonstrate that it did not have a full and fair opportunity to litigate these issues in the Old Republic and Capital One Cases. *Miss. Chem.*, 717 F.2d at 1376. IV cannot overcome that burden because it clearly had such an opportunity.

The inquiry into whether IV had a full and fair opportunity "is quite narrow" and does not involve evaluating the merits of the Old Republic and Capital One Orders. *Pharmacia & Upjohn v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1380 (Fed. Cir. 1999) (discussing *Blonder-Tongue*, 402 U.S. 313). "[W]e should keep firmly in mind that we are considering the situation where [IV] was plaintiff in the prior [Old Republic and Capital One] suit[s] and chose to litigate at that time and place." *Blonder-Tongue*, 402 U.S. at 332. IV was fully and adequately represented in those suits and specifically with respect to the issue of '002 and '081 patent invalidity under § 101. In the Old Republic Case, IV submitted an opposition to Old Republic's motion to dismiss based on § 101 that dedicated several pages to the '002 patent. *See* IV's Resp. in Opp. to Defs.' Mot. to Dismiss, Old Republic Case (Nov. 26, 2014) (Dkt. No. 52). IV also presented oral argument on the motion on April 14, 2015. *See* Tr. of 4/14/2015 Hr'g on Old Republic's Mot. to Dismiss, Old Republic Case (May 2, 2015) (Dkt. No. 97).

Similarly, IV submitted a written brief in opposition to Capital One's summary judgment motion and cross-moved for summary judgment with respect to patent eligibility, dedicating about 23 pages of its 50-page cross-motion to addressing the question of invalidity of the '081 and '002 patents under § 101 (not to mention additional briefing in its reply brief). *See* IV's Cross Mot. for Summ. J., Capital One Case (Feb. 19, 2015) (Dkt. No. 169). IV also argued its opposition to Capital One's summary judgment motion at a live hearing before Judge Grimm on August 20, 2015. *See* Tr. of 8/20/2015 Hr'g on Capital One's Summ. J. Mot., Capital One Case (Sept. 2, 2015) (Dkt. No. 376).

Finally, both the Old Republic and Capital One Orders are thorough and comprehensive and fully address all aspects of the § 101 inquiry. *See Pharmacia*, 170 F.3d at 1380 ("The comprehensive Opinion and Order issued by the *Mova* court leaves no question that, as a matter of law, Upjohn was in fact accorded a full and fair opportunity to litigate.").

## II. THIS COURT'S CLAIM CONSTRUCTIONS DO NOT AFFECT THE QUESTION OF INVALIDITY UNDER § 101

The fact that this Court construed certain terms of the '002 and '081 patents, but Judges Hornak and Grimm did not, does not disturb Citi's collateral estoppel argument.

Under principles of collateral estoppel, a final judgment invalidating a patent's claims trumps an earlier non-final judgment regarding the same patent. This rule applies regardless of differences in the courts' analyses in the two decisions. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013) (holding that intervening decision invalidating the patent-in-suit "unquestionably" applies to cases in which an earlier judgment upholding the patents' validity was "not final"); *see also id.* at 1346 (noting that, under principles of collateral estoppel, "an interim decision in one suit . . . cannot prevail over a final judgment on the same issue in another suit").

Applying this same reasoning, courts routinely apply collateral estoppel even where, as here, claim construction was performed in one case, but not the other. *See, e.g.*, *DietGoal Innovations LLC v. Time, Inc.*, No. 13-8381 (PAE), 2014 WL 3892965, at *2 (S.D.N.Y. Aug. 8, 2014) (finding, after claim construction, that dismissal was required based on collateral estoppel effect of earlier § 101 decision in which claims were not construed); *DietGoal Innovations*, 70 F. Supp. 3d at 813 (Bryson, J., sitting by designation) (same).

Thus, as a matter of law, this Court's construction of certain claim terms of the '002 and '081 patents does not foreclose application of collateral estoppel.

## III. CONCLUSION

The Court should grant Citi's motion for summary judgment that all claims of the '002 patent and the asserted claims of the '081 patent are invalid under § 101 based on the preclusive effect of the Old Republic and Capital One Orders.

Dated: November 9, 2015

Respectfully submitted,

WILMER CUTLER PICKERING HALE & DORR LLP

*/s/ Gregory H. Lantier*
Gregory H. Lantier
Richard A. Crudo
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
gregory.lantier@wilmerhale.com
richard.crudo@wilmerhale.com

Monica Grewal
60 State Street
Boston, MA 02109
Telephone: (617) 526-6223

Facsimile: (617) 526-5000
monica.grewal@wilmerhale.com

Omar A. Khan
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
robert.trenchard@wilmerhale.com
omar.khan@wilmerhale.com

KIRKLAND & ELLIS LLP

Kenneth R. Adamo
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4839
Facsimile: (212) 446-4900
kenneth.adamo@kirkland.com

Brent P. Ray
David W. Higer
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2608
Facsimile: (312) 862-2200
brent.ray@kirkland.com
dhiger@kirkland.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing document to be served via the CM/ECF system of the U.S. District Court for the Southern District of New York on all counsel of record.

This 9th day of November 2015.

*/s/ Gregory H. Lantier*