**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

INTELLECTUAL VENTURES I LLC, and
INTELLECTUAL VENTURES II LLC,   :

              Plaintiffs,   :

             v.   :   1:14-cv-04638-AKH

CITIGROUP, INC., CITICORP,   :
CITIBANK, N.A.,
                                         :
             Defendants.
                                         :

---------------------------------------------------------------x

**INTELLECTUAL VENTURES' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO
THE '002 AND '081 PATENTS BASED ON ISSUE PRECLUSION**

IV opposes defendants' motion for summary judgment because the issues on which the defendants seek claim preclusion are now on appeal to the Federal Circuit and a stay of all district court proceedings concerning the '002 and '081 patents pending appeal would best serve the interests of judicial economy.  IV offered to stipulate to a stay and defendants declined.

A stay is a more appropriate because it eliminates the possibility of having to undo an erroneous preclusion judgment via a post-appeal motion.  The issues involving § 101 eligibility are murky and having to potentially unwind an erroneous judgment is not efficient or economical.  The outcome of 101 appeals is not predictable as there is room for debate about what is and what is not patent eligible.  Indeed, a Special Master in the Capital One case found that the claims of the '002 and '081 patents were eligible. Ex. 1.  While Judge Grimm ultimately overruled the Special Master's findings, the Federal Circuit could just as easily agree with the Special Master's determination.  Accordingly, staying these proceedings as to these two patents in order to wait for the outcome of the Federal Circuit appeal makes the most sense.

In the event the Federal Circuit finds the '002 or '081 patents eligible, discovery could reopen on a date triggered so many days after the eligibility finding (i.e., 14 days).  On the other hand, if the Federal Circuit upholds part or all of either the Capital One or Old Republic decisions, the parties will seek entry of judgment following the conclusion of the appeal.  This is more efficient than having to unwind a potentially erroneous judgment on issues that are far from clear.

For the foregoing reasons, IV respectfully requests that the Court stay this action as to the '002 and '081 patents only until the issue of patent eligibility is resolved by the Federal Circuit.

Dated: November 23, 2015

DUNNEGAN & SCILEPPI LLC

By /s/ William Dunnegan
William Dunnegan (WD9316)
wd@dunnegan.com
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

-and-

FEINBERG DAY ALBERTI & THOMPSON LLP
Elizabeth Day (Cal Bar No. 177125)
eday@feinday.com
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Direct: 650-618-4360
Fax: 650-618-4368
(admitted pro hac vice)

Attorneys for Plaintiffs