**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | 14 Civ. 4638 (AKH) |
| v. | ) ) | |
| CITIGROUP, INC., CITICORP, and CITIBANK, N.A., | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS CITIGROUP, INC.'S, CITICORP'S, AND CITIBANK, N.A.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101 FOR THE '002 AND '081 <u>PATENTS BASED ON ISSUE PRECLUSION</u>**

IV's one-page opposition disputes none of the points in Citi's motion for issue preclusion. IV therefore concedes that each of the requirements for issue preclusion is met, and that it is appropriate to grant preclusion-based summary judgment that the '002 and '081 patents are invalid under 35 U.S.C. § 101. Instead, IV argues only that the Court should refrain from granting summary judgment because the Old Republic and Capital One Orders "are now on appeal to the Federal Circuit" and a partial stay as to the '002 and '081 patents pending the outcome of IV's two appeals would be "more efficient than having to unwind a potentially erroneous judgment." Dkt. 99.

As an initial matter, IV's argument should be rejected because IV did not actually move this Court for a stay. In any event, that IV has appealed the Old Republic and Capital One Orders is irrelevant to whether Citi is entitled to summary judgment: it is well-settled that "the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999).[1] *Pharmacia* is directly on point: there, the district court granted preclusion-based summary judgment after the patents were held invalid in another case. *Id.* at 1375. The patentee appealed, arguing (as IV does here) that (1) "the collateral estoppel effect of the [underlying invalidity] judgment is 'uncertain'" because it too was being appealed,[2] and (2) "the district court should have stayed the proceedings pending the resolution of . . . its appeal" in the earlier case. *Id.* at 1379. The Federal Circuit rejected these arguments, noting "[t]he established rule in the federal courts" and "case law from the Supreme Court and from the **Second**, Fifth, Sixth, Seventh, Ninth, Eleventh, District of

---

[1] *See also* Wright et al., 18A Fed. Prac. & Proc. Juris. § 4433 (2d ed.) ("The Supreme Court long ago seemed to establish the rule that a final judgment retains all of its res judicata consequences pending decision of the appeal[] . . . .").

[2] IV similarly argues that § 101 appeal outcomes are "not predictable" because § 101 law is "murky." *See* Dkt. 99.

Columbia and Federal circuits [standing] for the proposition that a final judgment retains its preclusive effect despite the pendency of an appeal." *Id.* at 1381 (emphasis added). The court also rejected the argument for a stay pending appeal of the underlying invalidity decision: "[i]f another panel . . . concludes that [the underlying invalidity decision] should be reversed, [the patentee] may then move the district court to modify its [preclusion-based] judgment accordingly." *Id.* at 1382.

The court in *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.* likewise rejected a patentee's argument that it "should stay th[e] case pending the disposition of the appeal" of a prior decision that the patent-in-suit was invalid under § 101, opting instead to grant summary judgment based on collateral estoppel and "let events in the [case holding the patent invalid] take their course." *DietGoal*, 70 F. Supp. 3d. 808, 815–16 (E.D. Tex. 2014) (Bryson, Fed. Cir. J., sitting by designation).[3] IV's identical arguments here should be similarly rejected.

Partially staying this case pending IV's appeals in *Old Republic* and *Capital One* also makes no practical sense. The appeals could take years to fully resolve, especially if either party seeks *en banc* review or *certiorari*, *see, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2907 (June 29, 2015) (~5 years between Aug. 13, 2010 district court § 101 decision and exhaustion of appeals), during which this case would idle on the Court's docket. It also is speculative that the Federal Circuit will overrule the well-reasoned decisions in both cases. The proper approach is that if the Old Republic and Capital One Orders ultimately are set aside after the conclusion of all appeals, IV can—as in *Pharmacia*—move the Court to modify its judgment. *See Pharmacia*, 170 F.3d at 1382. In the interim, especially when IV has conceded

---

[3] The *DietGoal* court also noted that defendants "might choose to defend the judgment in their favor not only based on collateral estoppel, but on the merits [of § 101] as well." *DietGoal*, 70 F. Supp. 3d at 816. It warned that staying a case pending appeal of the earlier invalidity decision would "deprive the defendants of the opportunity to [make] their preferred arguments as to the [§] 101 issue to the Federal Circuit." *Id.* Entering judgment now is appropriate to avoid this prejudice to Citi.

the facts supporting issue preclusion, "[t]here is an interest in bringing litigation to a close when the law permits that result." *DietGoal*, 70 F. Supp. 3d at 816.

Dated:  December 3, 2015                                  Respectfully submitted,

                                                         WILMER CUTLER PICKERING HALE & DORR LLP

                                                         */s/ Gregory H. Lantier*
                                                         Gregory H. Lantier
                                                         Richard A. Crudo
                                                         1875 Pennsylvania Ave, NW
                                                         Washington, DC 20006
                                                         Telephone: (202) 663-6000
                                                         Facsimile: (202) 663-6363
                                                         gregory.lantier@wilmerhale.com
                                                         richard.crudo@wilmerhale.com

                                                         Monica Grewal
                                                         60 State Street
                                                         Boston, MA 02109
                                                         Telephone: (617) 526-6223
                                                         Facsimile: (617) 526-5000
                                                         monica.grewal@wilmerhale.com

                                                         Omar A. Khan
                                                         7 World Trade Center
                                                         250 Greenwich Street
                                                         New York, NY 10007
                                                         Telephone: (212) 230-8800
                                                         Facsimile: (212) 230-8888
                                                         robert.trenchard@wilmerhale.com
                                                         omar.khan@wilmerhale.com

                                                         KIRKLAND & ELLIS LLP

                                                         Kenneth R. Adamo
                                                         601 Lexington Avenue
                                                         New York, NY 10022-4611
                                                         Telephone: (212) 446-4839

3

Facsimile: (212) 446-4900
kenneth.adamo@kirkland.com

Brent P. Ray
David W. Higer
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2608
Facsimile: (312) 862-2200
brent.ray@kirkland.com
dhiger@kirkland.com

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing document to be served via the CM/ECF system of the U.S. District Court for the Southern District of New York on all counsel of record.

This 3rd day of December 2015.

*/s/ Gregory H. Lantier*